APPEL, Justice.
In this case, we must decide two questions related to the sentencing of the defendant. The first question is whether the district court complied with Iowa Rule of *404 Criminal Procedure 2.23(3)(d) in sentencing the defendant after she pled guilty pursuant to a plea bargain when the sentencing order does not contain the provisions of the plea bargain. The second question is whether the district court improperly accepted the guilty plea without first determining that the defendant’s plea was made voluntarily and intelligently and had a factual basis as required by Iowa Rule of Criminal Procedure 2.8(2)(6). For the reasons expressed below, we conclude the district court’s sentencing order does not comply with Iowa Rule of Criminal Procedure 2.23(3)(d), and as a result, we vacate the sentence and remand the matter to the district court for resentencing. With respect to the defendant’s claim that her plea was not voluntary, we conclude the issue cannot be resolved in this direct appeal and therefore reserve this claim for a postconviction-relief action.
I. Factual and Procedural Background.
The minutes of testimony in this case state that on October 4, 2013, a supervisor at the Des Moines Area Regional Transit facility notified police regarding a customer, Tina Thacker, who was screaming profanities at customer service. As the supervisor tried to calm her down, Thacker saw a bus driver, Donald Robuck, which caused her to renew her screaming. Among other things, she screamed she was going to find out where Robuck lived. The minutes state Robuck had been the driver of a bus boarded by Thacker. When Thacker asked Robuck to turn on the air conditioner, the system blew out hot air. Thacker then became incensed, used obscenities, and threatened to kill Robuck.
Thacker was charged by trial information with harassment in the first degree, an aggravated misdemeanor, in violation of Iowa Code section 708.7(2) (2013). The charge was apparently resolved by a plea agreement.
The plea agreement, however, is not part of the record. What is part of the record is a form entitled “Petition to Plead Guilty to Serious Misdemeanor.”- The form contains an entry stating “the plea agreement is:”-but nothing was entered on the lines provided. The terms of the plea agreement were left blank. There is nothing in the record to indicate whether this was an intentional or unintentional omission. The defendant waived her right to have the proceedings recorded.
On the same day the Petition to Plead Guilty to Serious Misdemeanor was filed, the district court, also using a form, accepted the plea agreement and imposed a sentence. The form contained the following boilerplate language: “The following sentence is based on all of the available SENTENCING CONSIDERATIONS set out in .Iowa Code Section 907.5.” The district court checked the box “The Plea Agreement” as being the factor that was “the most significant in determining [the] particular sentence.”
The district court ordered Thacker to serve one year in jail but suspended the sentence. The district court placed Thacker on probation for a period of one year with the Iowa Department of Correctional Services. The district court imposed conditions of probation which required Thacker to (1) complete any recommended substance abuse treatment, (2) cooperate and complete a VORP (Victim-Offender Reconciliation Program) session with each victim who so desires, (3) complete an assaultive behavior class, (4) participate in substance abuse monitoring by urine analysis during the term of probation, and (5) complete a psychological evaluation and follow through with any recommended treatment. The district court further dismissed a related simple misdemeanor charge and or *405 dered Thacker not to have contact with the victim for a period of five years. Additionally, the district court ordered Thacker to pay a fine of $315, the statutory surcharges, restitution, court costs, and attorney fees. Thacker appealed. We transferred the case to the court of appeals.
On appeal, Thacker raised two issues. First, she claimed the district court erred by not stating adequate reasons on the record for the exercise of the district court’s sentencing discretion as required by Iowa Rule of Criminal Procedure 2.23(3)(d). Second, she claimed she received ineffective assistance of counsel because she did not knowingly and voluntarily enter into her plea agreement.
A divided court oi appeals rejected Thacker’s arguments. With respect to the claim that the district court failed to give adequate reasons for her sentence, the court of appeals held that the district court was merely giving effect to the parties’ agreement and that no further statement of reasons was required. On the question of whether she received ineffective assistance of counsel because she did not intelligently and voluntarily enter into the plea agreement, the court of appeals held that Thacker failed to show prejudice. A dissent asserted the district court abused its discretion in citing a plea agreement as its reason for the sentence, when no plea agreement was apparent in the record. The dissent further took the position that the record was inadequate to resolve the ineffective-assistance-of-counsel claim.
We granted further review. For the reasons expressed below, we now vacate Thacker’s sentence and remand the case to the district court for further proceedings. We also conclude the record is inadequate to resolve the ineffective-assistance, claim on direct appeal and reserve that claim for a postconviction-relief action.
II. Standard of Review.
A. Review of District Court Sentencing Order. When “the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown.” State v. Luedtke, 279 N.W.2d 7, 8 (Iowa 1979). In exercising discretion, the district court must “weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant’s age, character, and propensities or chances for reform.” State v. Johnson, 476 N.W.2d 330, 335 (Iowa 1991). Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, “may be challenged on direct appeal even in the absence of an objection in the district court.” State v. Lathrop, 781 N.W.2d 288, 292-93 (Iowa 2010).
B. Ineffective Assistance of Counsel. “We review ineffective assistance of counsel claims de novo.” State v. Williams, 574 N.W.2d 293, 300 (Iowa 1998). When a defendant seeks to have an ineffective-assistance claim resolved on direct appeal, the defendant must establish that the record is adequate to allow the appellate court to determine the issue. See State v. Johnson, 784 N.W.2d 192, 198 (Iowa 2010). If the record is inadequate on appeal, the issue must be addressed in an action for postconviction relief. Id.
III. Discussion of On-the-Record Disclosure of Reasons for Sentencing.
A. Background to Iowa Rule of Criminal Procedure 2.23(3)(d). Unlike most European countries in which judicial sentences are reviewable as a matter of law, appellate courts in the United States have historically adopted a hands-off approach to criminal sentencing. See Ronald M. Labbe, Appellate Review of Sentences: *406 Penology on the Judicial Doorstep, 68 J. Crim. L. & Criminology 122, 122 (1977) [hereinafter Labbe]. In the 1960s and 1970s, considerable attention in professional and academic communities was devoted to considering the relatively uncontrolled nature of criminal sentencing in our courts.[1] Judge Simon E. Sobeloff of the United States Court of Appeals for the Fourth Circuit stimulated the debate through his academic writings and public remarks. See Remarks of Judge Sobeloff, Appellate Review of Sentences: A Symposium at the Judicial Conference of the United States Court of Appeals for the Second Circuit, 32 F.R.D. 249, 264-75 (1962); Simon Sobeloff, A Recommendation for Appellate Review of Criminal Sentences, 21 Brook. L. Rev. 2 (1955); Simon E. Sobeloff, The Sentence of the Court: Should There Be Appellate Review?, 41 A.B.A. J. 13 (1955).
In the early 1970s, the torch of reform was carried by Judge Marvin Frankel who, in a seminal law review article, canvassed what he called “lawlessness in sentencing.” Marvin E. Frankel, Lawlessness in Sentencing, 41 U. Cin. L. Rev. 1 (1972). Among other things, Judge Frankel emphasized the advantages of giving reasons for discretionary sentencing. Frankel noted “the giving of reasons helps the decision-maker himself in the effort to be fair and rational, and makes it possible for others to judge whether he has succeeded.” Id. at 9. Similar observations were made by Judge Irving Kaufman, who noted that explanations of sentences “would exert a beneficial influence to rationalize the procedure which now is too easily characterized as capricious,” Irving R. Kaufman, Foreword: The Sentencing Process and Judicial Inscrutability, 49 St. John’s L. Rev. 215, 222 (1975), and would give some reassurance to the criminal “that his liberty is not being revoked in a wholly arbitrary fashion,” id. at 221.
The notion that judges should state their reasons for sentencing on the record gained professional support. As early as 1968, the American Bar Association proposed that sentencing judges be required to state their reasons for selection of a sentence on the record so that a court could exercise its power of judicial review. See ABA Project on Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences § 2.3(c) & cmt. e, at 42, 47 (1968) (noting that “a statement of reasons will be invaluable as an aid to the reviewing court [as] it is difficult to see how meaningful review can occur ... where the appellate court is left completely in the dark as to why the sentence under review was imposed”). The adoption of the ABA Standards led to a reconsideration of the approach to sentencing in a number of states. See Labbe, 68 J. Crim. L. & Criminology at 123 (canvassing trends).
In the 1970s, we considered whether to adopt an ABA-type rule. In State v. Horton, 231 N.W.2d 36, 40-42 (Iowa 1975) (McCormick, J., concurring specially), Justice McCormick wrote a special concurrence in which he advocated adoption of a requirement that district court judges express reasons for sentencing on the record. Justice McCormick emphasized the anomaly that, with respect to sentencing, “the exercise of this power, among the greatest that one person may exercise over the life of another, is virtually unre-viewable.” Id. at 40. He noted four basic *407 reasons for the adoption of the requirement that the reasons for sentencing be placed on the record: (1) increasing the rationality of sentencing, (2) the therapeutic value of sentencing on the defendant,[2] (3) ensuring meaningful appellate review of the sentence, and (4) informing correctional authorities of the reasoning behind a sentence. Id. at 41. He further noted that a requirement that a district court state reasons for sentencing on the record could promote consistency and assist in the rational development of uniform sentencing. Id,[3]
Nonetheless, in the 5-4 decision in State v. Peckenschneider, 236 N.W.2d 344, 348 (Iowa 1975) (en banc), we declined to adopt the ABA approach and require district , courts to express reasons for sentencing on the record. Justice McCormick wrote the dissenting opinion, reprising the reasoning of his Horton special concurrence. Compare id. at 348-56 (McCormick, J., dissenting), with Horton, 231 N.W.2d at 40-42. In State v. Harvey, 236 N.W.2d 47, 49 (Iowa 1975) (McCormick, J., specially concurring), an opinion released on the same day as Peckenschneider, Justice McCormick again wrote a concurring opinion, stating that our refusal to accept ABA standards as mandatory criteria to be applied in sentencing “permits perpetuation of the inequities, disparities, and unfairness which have led to substantial justified criticism of sentencing practices.”
While Justice McCormick’s views did not prevail in our court, the legislature took action. In 1977, the legislature enacted a statutory provision, which provided that “[t]he court shall state on the record its reason for selecting the particular sentence.” 1977 Iowa Acts ch. 153, § 66 (currently found in Iowa R.Crim. P. 2.23(3 )(d)).
B. Caselaw Under Iowa Rule of Criminal Procedure 2.23(3)(d). We have been called upon to interpret and apply Iowa Rule of Criminal Procedure 2.23(3)(d) in a nuinber of cases. Many have noted that by requiring reasons for a particular sentence to be on the record, a reviewing court will be able to assess whether there has been an abuse of discretion in sentencing. See State v. Thompson, 856 N.W.2d 915, 919 (Iowa 2014); State v. Uthe, 542 N.W.2d 810, 816 (Iowa 1996). We have noted that without such a record “we could [not] discern [whether there had been] any abuse of sentencing discretion.” Luedtke, 279 N.W.2d at 8. It is apparent from the cases that one of the important reasons for the rule is to preserve the appellant’s right to challenge the exercise of discretion by the sentencing judge. See id. We have also recognized the value of particularized statements in *408 ensuring criminal defendants are aware of the consequences of their criminal actions. See Thompson, 856 N.W.2d at 919; State v. Lumadue, 622 N.W.2d 302, 305 (Iowa 2001) (en banc).
While the rule requires a statement of reasons on the record, a “terse and succinct” statement may be sufficient, “so long as the brevity of the court’s statement does not prevent review of the exercise of the trial court’s sentencing discretion.” State v. Johnson, 445 N.W.2d 337, 343 (Iowa 1989). A terse and succinct statement is sufficient, however, only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court. See, e.g., State v. Victor, 310 N.W.2d 201, 205 (Iowa 1981) (noting it was “clear from the trial court’s statement exactly what motivated and prompted the sentence” (emphasis added)). When the reasons for a particular sentence have not been stated on the record, however, we have vacated the sentence and remanded the case to the district court for resentencing. See, e.g., State v. McKeever, 276 N.W.2d 385, 388-90 (Iowa 1979); State v. Thompson, 275 N.W.2d 370, 372 (Iowa 1979).
We have rejected a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case. In Lumadue, 622 N.W.2d at 304, we considered boilerplate language in a written order that provided, “The court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted.” We concluded such language, standing alone, did not satisfy the requirement that the district court make an on-the-record statement of reasons for imposing a particular sentence. Id. at 304-05.[4]
In a somewhat similar vein, the court of appeals in State v. Cooper, 403 N.W.2d 800, 802 (Iowa Ct.App.1987), considered the statement: “[t]he Court has reviewed the circumstances of the offense, and the defendant’s prior background.” The court of appeals held that such vague and generalized comments were inadequate under the rule. Id. The Cooper court emphasized that “appellate courts should not be forced to rely on post hoc attempts at divining the district court’s motivation from the entirety of the record in order to determine if the district court abused its discretion.” Id.
We have also considered what the rule requires in the context of a plea bargain. In State v. Snyder, 336 N.W.2d 728, 729 (Iowa 1983), the defendant entered a plea bargain with the state. There was no claim the state or the court departed from the terms of the plea bargain. See id. We held that a statement of reasons for the sentence was not required because “[t]he sentence of imprisonment was ... not the product of the exercise of trial court discretion but of the process of giving effect to the parties’ agreement.” Id. Similarly, in State v. Cason, 532 N.W.2d 755, 756-57 (Iowa 1995) (per curiam), we again considered the impact of a plea bargain on the district court’s obligation to state on the record the reasons for a par *409 ticular sentence. We held that a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it “was merely giving effect to the parties’ agreement.” Id.
In contrast to Snyder and Cason, in Thompson, 856 N.W.2d at 917-18, we considered a case in which the district court elected not to follow the sentence agreed to by the parties in a plea bargain. In this setting, we held the district court was required to state on the record his or her reasons for exercising his or her discretion in imposing a sentence different from that agreed to by the parties. Id. at 920-21.
The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error. See, e.g., Lumadue, 622 N.W.2d at 304-05 (remanding for resentencing when trial court used boilerplate language in sentencing order which did not adequately state reasons related to “this” defendant and “this” offense); Uthe, 542 N.W.2d at 816 (requiring resentencing when court failed to adequately explain its imposition of consecutive sentences); Cooper, 403 N.W.2d at 802 (vacating sentence and remanding for resentencing after finding sentencing record inadequate); see also Commonwealth v. Johnson, 373 Pa.Super. 312, 541 A.2d 332, 340 (Ct.1988) (noting failure to provide adequate “statement of reasons for the sentence imposed is reversible error requiring resentencing”). One of the main purposes of requiring specific reasons is to provide a record sufficient to allow meaningful appellate review, see, e.g., Uthe, 542 N.W.2d at 816; Luedtke, 279 N.W.2d at 8, which is afforded as a matter of right to most criminal defendants, see Iowa R.Crim. P. 2.23(3)(e) (detailing notification of right to appéal regarding indictable offenses); id. r. 2.73(1) (noting the appropriate procedures regarding a right to appeal in a simple misdemeanor case).
There have, however, been unusual circumstances when we have applied a harmless error approach to cases in which the district court failed to state its reasons on the record. In State v. Matlock, 304 N.W.2d 226, 228 (Iowa 1981), we held a district court that failed to state its reasons on the record did not commit reversible error when it sentenced the defendant to the least severe sentence authorized by law. A remand for resentencing in Mat-lock could not possibly have benefited the defendant under these narrow circumstances.
In one other case, State v. Alloway, 707 N.W.2d 582, 587 (Iowa 2006), overruled by Thompson, 856 N.W.2d at 921, we rejected an appeal involving a claim the trial court did not adequately state reasons on the record for a sentence for lack of prejudice. The defendant’s claim in Alloway, however, was presented as a claim of ineffective assistance of counsel in which a showing of prejudice is ordinarily required. Id. In Alloway, we applied the rule that a defendant who waives the making of a record of sentencing must take steps to create an alternate record through a bill of exceptions or a supplemental statement. Id. at 586. In Thompson, 856 N.W.2d at 921, however, we reversed the caselaw upon which Alloway was based. The Alloway approach requiring a showing of prejudice thus has no continued vitality.
C. Application of Principles. The State suggests Thacker failed to preserve error in this case by failing to address the lack of record by either requesting a bill of exceptions or expanding the record pursuant to the rules of appellate procedure. We took such an approach in Alloway based on prior precedent. During the pendency of this case, however, we overruled the Alloway approach in Thompson, 856 N.W.2d at 921. In Thompson, we declared that the responsibility to develop *410 the record rested with the court, not one of the parties. Id. As a result, the State’s argument on this point is without merit.
We next turn to language in the sentencing order form. The district court order is on a form that states in boilerplate fashion that the district court considered all the relevant factors required by law in imposing the sentence. It is clear under our precedents, however, that such boilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d). See Lumadue, 622 N.W.2d at 304-05. The boilerplate form is identical for all eases and tells us nothing about how the district court arrived at a particular sentence in a particular case. See id.; Cooper, 403 N.W.2d at 802.
Here, the district court checked the box for “The Plea Bargain” as the most significant factor in its sentencing decision. The question arises, then, whether this case falls within the Snyder-Cason principle that when a district court simply imposes a sentence agreed to by the parties it does not exercise discretion in a fashion that requires a statement of reasons on the record.
The problem with this theory, however, is that we do not know from the record whether the particulars of the district court’s sentence were agreed to by the parties. Although we know there is a plea agreement of some kind, the Petition to Plead Guilty to Serious Misdemeanor is silent on the terms of the plea agreement. What we simply do not know is whether the plea bargain had an agreed upon recommendation for the sentence or whether the parties only agreed that the State would drop the more serious harassment charge if the defendant pled guilty to a lesser offense. While the district court considered the plea agreement in its sentence, apparently, the consideration given could have been that the more serious charge had been dismissed and the only crime for which the defendant should be sentenced was now a serious misdemeanor. Further, even if there was an agreed upon recommendation for sentencing, we do not know from the record whether the district court followed it in every particular or deviated from it in some respects. We are left to speculate on these questions.
As a result, we cannot conclude the district court has adequately stated reasons for its sentence on the record as required under Iowa Rule of Criminal Procedure 2.23(3)(d). While terse reasoning can be adequate when we know the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence, see Johnson, 445 N.W.2d at 343, we cannot guess or simply calculate the rough probabilities. Looking on the record, we do not know whether the district court exercised its discretion, simply accepted the parties agreement, or did a little of both. We therefore vacate the sentence and remand the matter to the district court for further proceedings.
On remand, if the district court determines it merely gave effect to the parties’ agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record. See Matlock, 304 N.W.2d at 228 (“If the court has no discretion in sentencing, it should so state.”). If, on the other hand, the parties did not come to an agreement with respect to the particulars of the sentence or the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did. On remand, there is no requirement the district court arrive at a different sen *411 tence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d).
IV. Knowing and Voluntary Guilty Plea.
Iowa Rule of Criminal Procedure 2.8(2)(6) requires the district court to determine “that the [defendant’s] plea is made voluntarily and intelligently and has a factual basis.” Thacker contends she did not knowingly and voluntarily enter into the written plea bargain in this case.
This case involves a serious misdemean- or. In State v. Meron, 675 N.W.2d 537, 548 (Iowa 2004), we held the district court, •with the defendant’s consent, may waive the in-court colloquy otherwise required by Iowa Rule of Criminal Procedure 2.8(2)(6). Nonetheless, we emphasized that allowing written waivers does not diminish the importance and necessity of the court’s role to ensure each plea is voluntary, intelligent, and supported by the facts. Id.
The record before us, however, simply does not allow us to determine whether Thacker entered into the plea voluntarily and intelligently. We also cannot determine on the record whether she was prejudiced. As a result, we decline to address the ineffective-assistance-of-counsel issue on direct appeal. A determination of the ineffectiveness claim must be made in an action for postconviction relief to “allow a record to be developed concerning the actual terms of the plea agreement and [Thacker’s] understanding of the terms of the plea agreement.” State v. Philo, 697 N.W.2d 481, 489 (Iowa 2005).
V. Conclusion.
For the above reasons, the sentence in this case is vacated and the matter remanded to the district court for resentenc-ing.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.
All justices concur except MANSFIELD, J., CADY, C.J., and WATERMAN, J., who dissent.

. The Iowa Law Review published one major article participating in the commentary. See Michael C. Berkowitz, The Constitutional Requirement for a Written Statement of Reasons and Facts in Support of the Sentencing Decision: A Due Process Proposal, 60 Iowa L. Rev. 205 (1974) [hereinafter Berkowitz],

. See generally Jerry L. Mashaw, Due Process in the Administrative State 199 (1985) (emphasizing that some sort of explanation for a decision remains necessary if we are to conceive genuinely of the individual as an “autonomous moral agent entitled to self-respect”).

. Recent scholarship has emphasized the role of sentence explanation in limiting the appearance of bias and lessening the risk of cognitive bias, including racial bias. See Berkowitz, 60 Iowa L. Rev. at 208-09, 233-34 (noting role of written explanation in addressing perception and reality of racial bias); Chris Guthrie, Jeffrey J. Rachlinski, & Andrew J. Wistrich, Blinking on the Bench: How Judges Decide Cases, 93 Cornell L. Rev. 1, 36-38 (2007) (suggesting that requiring explanations should induce deliberation and reduce intuitive'or impressionistic reactions that may be biased); Michael M. O'Hear, Appellate Review of Sentence Explanations: Learning from the Wisconsin and Federal Experiences, 93 Marq. L. Rev. 751, 759-60 (2009) (noting that requiring judges to explain the basis for their decisions tends to increase perception of neutrality, mitigate against cognitive bias, and lead to better consideration of the full range of information).

. A leading federal appellate decision relating to such boilerplate language is United States v. Cunningham, 429 F.3d 673 (7th Cir.2005). In Cunningham, Judge Posner rejected the position that a judge could employ a stamp which declared that he or she had considered the statutory factors required in sentencing. Id. at 676. Such a position, according to Judge Posner, was inconsistent with appellate review of sentences. Id. at 679. The decision in Cunningham has been undermined, however, by Rita v. United States, 551 U.S. 338, 357-59, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203, 218-19 (2007), in which the Supreme Court found that implicit explanation of sentences may be sufficient to affirm the reasonableness of a sentence under federal law.