# IN THE COURT OF APPEALS OF IOWA

No. 16-0883
Filed March 8, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CORY GREGERSEN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Guthrie County, Glenn E. Pille (plea) and Paul R. Huscher (sentencing), Judges.

Cory Gregersen appeals the judgment and sentence entered after pleading guilty to intimidation with a dangerous weapon. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Cory Gregersen appeals the judgment and sentence entered after pleading guilty to intimidation with a dangerous weapon. He contends his trial counsel was ineffective in allowing him to plead guilty without a factual basis. He also alleges the trial court failed to specify its reasons for imposing the sentence.

**I. Background Facts and Proceedings.**

On September 20, 2015, Gregersen told his wife he wanted to kill himself, walked to the bedroom, and placed a shotgun with a broken stock in his mouth. While his wife was outside of the room, Gregersen fired the shotgun at the floor. His wife screamed and when she came running into the room, Gregersen said, "Scared you, didn't I?" She responded, "Yes, I am afraid now," and asked Gregersen to stop.

Gregersen's wife called her father, who told her to leave the house. When Gregersen asked why she called her father, his wife stated, "Because I am scared." While she was outside the house waiting for her father to pick her up, Gregersen fired another shot from inside. Gregersen's wife ran to the end of the driveway because she did not know in which direction Gregersen was firing.

The State charged Gregersen with intimidation with a dangerous weapon, in violation of Iowa Code section 708.6 (2015), as a class "C" felony. After reaching a plea agreement with the State, Gregersen pled guilty to intimidation with a dangerous weapon, in violation of section 708.6, as a class "D" felony. The prosecutor agreed to recommend the minimum fine and a suspended prison sentence. After a plea hearing, the court accepted Gregersen's guilty plea. Following a sentencing hearing, it sentenced Gregersen to an indeterminate term

of no more than five years in prison. The court then suspended the sentence and placed Gregersen on probation for five years. The court also imposed the minimum fine and statutory surcharge. Gregersen appeals.

### II. Ineffective Assistance of Counsel.

Gregersen contends his trial counsel provided ineffective assistance by allowing him to plead guilty without a factual basis for the class "D" felony charge of intimidation with a dangerous weapon. A person commits the class "D" felony of intimidation with a dangerous weapon if the person "shoots . . . a dangerous weapon . . . in a building . . . occupied by another person . . . , and thereby places the occupant[] . . . in reasonable apprehension of serious injury . . . ." Iowa Code § 708.6. Gregersen specifically claims there is no factual basis showing he placed another in fear of serious injury when he fired the gun while the house was occupied.

We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective assistance occurs when counsel fails to perform in an objectively reasonable manner under prevailing professional standards, and that failure prejudices the defendant. *See id*. at 494–95. Although we ordinarily preserve ineffective-assistance claims for postconviction-relief proceedings, we will resolve them on direct appeal when the record is adequate. *See id.* at 494.

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *See State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). If counsel allows a defendant to plead guilty without a factual basis for

the charge, counsel has failed to perform an essential duty, and the prejudice this failure causes the defendant is inherent. *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, [and] the minutes of testimony . . . ."[1] *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

Resolution of Gregersen's ineffective-assistance claim hinges on whether the record shows a factual basis for finding he placed his wife in reasonable apprehension of serious injury when he fired the shotgun inside the home while it was occupied by his wife. If the record shows a factual basis for the finding, Gregersen's counsel was not ineffective in allowing him to plead guilty. If the record does not disclose a factual basis, Gregersen succeeds on his ineffective-assistance claim.

During the plea hearing, the court accurately stated the elements of the class "D" felony charge of intimidation with a dangerous weapon. The court then asked Gregersen to state in his own words what he had done to commit the offense, and the following exchange occurred:

> THE DEFENDANT: I intentionally shot a firearm in a building occupied by another person in a place with—and caused them fear.

---

[1] Although *Schminkey* also lists presentence investigation (PSI) reports as materials from which a factual basis for a guilty plea may be determined, we note that this is only true if the PSI report is part of the "record before the district court at the guilty plea hearing." 597 N.W.2d at 788; *see also State v. Fluhr*, 287 N.W.2d 857, 869 (Iowa 1980) (noting our rules "preclude[] the use of presentence reports in determining whether a factual basis exists unless the report should be available at the time of the plea hearing"), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 802 (Iowa 1990). Because a PSI report was not available at the time of the guilty plea hearing, we will not consider it in determining a factual basis for Gregersen's guilty plea.

. . . .
THE COURT: You shot it while you were in the building?
THE DEFENDANT: Yes, I did, Your Honor.
THE COURT: At that time there was another person in the building?
THE DEFENDANT: Yes, there was, Your Honor.
THE COURT: More than one person or just one?
THE DEFENDANT: Just one.
THE COURT: And you agree as the law requires that that action placed the other person in reasonable apprehension or fear of a serious injury?
THE DEFENDANT: Yes, Your Honor.

Gregersen argues no factual basis supports his plea because the act of firing a weapon inside an occupied structure did not coexist with the act of placing another in fear of serious injury. Gregersen admits that he discharged the shotgun while his wife was inside the house. However, he argues the fact that she ran into the bedroom when she heard him fire the shot shows the act did not place her in fear of serious injury; rather, he claims it shows she was only in apprehension that he had shot himself. Gregersen also admits that his wife was in fear of serious injury when he fired the second shot, but argues that at that time, his wife was outside the house.

The record adequately establishes a factual basis for Gregersen's guilty plea. The minutes of testimony state that Gregersen's wife called her father because Gregersen's act of firing his shotgun while she was inside the house scared her. Based on her father's advice to leave the home, it is reasonable to infer that the act put Gregersen's wife in fear for her own safety, rather than solely for Gregersen's safety. Because a factual basis exists for Gregersen's guilty plea, we affirm.

**III. Sentence.**

Gregersen also challenges his sentence, claiming the sentencing court failed to adequately state on the record its reasons for imposing the sentence. We review sentencing decisions for the correction of errors at law. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). Because the sentence imposed is within the statutory limits, we will only reverse if the court abused its discretion in imposing the sentence. *See id.* An abuse of discretion occurs when the sentence imposed is unreasonable or based on untenable grounds. *See id.* at 445.

Iowa Rule of Criminal Procedure 2.23(3)(d) requires that the court "state on the record its reason for selecting the particular sentence." This statement is necessary to afford the reviewing court the ability to assess whether the court abused its discretion in selecting a particular sentence. *See State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). Although boilerplate language is insufficient if it does not show why a particular sentence was imposed in a particular case, the statement need not be detailed to comply with rule 2.23(3)(d) requirements. *See id.* at 408. "[T]erse reasoning can be adequate" if "the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence." *Id.*

The district court stated the following in orally[2] pronouncing sentence at the sentencing hearing:

---

[2] The requirements of rule 2.23(3)(d) may be satisfied either "by orally stating the reasons on the record or placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). To the extent that Gregersen is arguing

The court has reviewed the [PSI] report and recommendations of the writer of that report. It appears, Mr. Gregersen, your brushes with the law, your criminal history, date back at least sixteen years. It appears that your first contact was as a juvenile when you were sixteen years old with possession of drug paraphernalia. You were convicted of a number of . . . prior to this offense . . . , including interference with official acts, [and] three prior convictions for operating while intoxicated.

While it does appear to the court that you should be given the opportunity to pursue treatment and counseling and that imprisonment at this time is probably not beneficial either to you or to the community, the court does not find, based upon the circumstances of this case, that deferring a judgment in this matter would be appropriate.

Accordingly, it is the order of the court that [Gregersen] is sentenced to serve a term of imprisonment not to exceed five years. The Iowa Medical and Classification Center at Oakdale, Iowa, is designated as the reception center, to which [Gregersen] shall be delivered by the Guthrie County Sheriff.

That sentence is suspended and [Gregersen] is placed on probation under the supervision of the Fifth Judicial District Department of Correctional Services for a period of five years. That probation may include the requirement that [Gregersen] wear a SCRAM bracelet.

Mr. Gregersen, that is a long period of probation. It is the court's expectation that if you are successful in your treatment, rehabilitation, that your probation officer will request an early termination of that probation.

The sentencing court provided ample reasons for its sentencing decision to allow for our review. In determining whether it abused its discretion in sentencing Gregersen, we consider the societal goals of sentencing criminal offenders: the rehabilitation of the offender and the protection of the community from further offenses. *See Valin*, 724 N.W.2d at 445. We "weigh all pertinent matters," including the nature of the offense, the attending circumstances, and the defendant's age, character, and propensities or chances for reform. *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991).

---

the sentencing court's statement of reasons for imposing the sentence are deficient because they were not provided in writing, we reject his claim.

Here, the sentencing court noted Gregersen's prior convictions, the nature of his convictions, and his need for treatment and counseling, and the facts and circumstances of the crime for which he was being sentenced. The court found imprisonment would not be beneficial to society or Gregersen but determined a deferred sentence would also not be appropriate. In reviewing the reasons stated by the court for imposing the sentence, we conclude the sentencing court acted within its discretion. Accordingly, we affirm.

**AFFIRMED.**