# IN THE COURT OF APPEALS OF IOWA

No. 16-2067
Filed July 19, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**MORRIS LEE PARSON, JR.,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

The defendant appeals his sentences following his guilty pleas to one count of child endangerment causing bodily injury and one count of neglect of a dependent. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Morris Parson Jr. appeals the sentences imposed following his guilty pleas to one count of child endangerment causing bodily injury and one count of neglect of a dependent, pursuant to Iowa Code sections 726.6(6) and 726.3 (2016), respectively. He argues the sentencing court failed to consider the statutory factors. We affirm.

**I. Background Facts and Proceedings.**

On June 10, 2016, Morris Parson Jr. was charged by trial information with child endangerment causing serious injury (count I), in violation of Iowa Code section 726.6(1), and neglect of a dependent (count II), in violation of Iowa Code section 726.3. The charges arose from an incident between Parson and his girlfriend's five-month-old child.

On May 2, 2016, Parson became frustrated with the infant after it would not stop crying. Parson shook the infant three to four times. The infant showed immediate signs of injury—its eyes would not focus, it made a strange sound, and became stiff. Parson and the mother took the child to the hospital for treatment, but they did not reveal the cause of the injury. The child suffered a life-threatening bilateral subdural hematoma.

Parson pled guilty to child endangerment causing bodily injury, a lesser included offense to count one, and neglect of a dependent. The court accepted Parson's guilty plea and sentenced him to a five-year indeterminate prison term on count one and a ten-year indeterminate prison term on count two, which were to be served concurrently. The court discussed its basis for the sentencing decision:

The Court has carefully considered the factors and circumstances surrounding the offenses. The Court has considered the statements and recommendations of counsel for the State and counsel for Mr. Parson as well as Mr. Parson's statement to the Court in this matter.

I have considered the PSI, but I am not taking into account page 11 of the PSI regarding the dismissed charges. I am also taking judicial notice of case number JVJV 239458, which was the juvenile matter that both parties referenced.

The only matter before the Court at this time is sentencing on the charges that Mr. Parson knowingly and voluntarily entered a plea of guilty on or about September 30 of 2016.

In case number FECR 295109 as to count I, child endangerment causing bodily injury, a lesser included offense, in violation of Iowa Code section 726.6(6), and in that same case number count II, neglect of a dependent, in violation of Iowa Code Section 726.3, it is the judgment of the Court that Mr. Parson is adjudged guilty of these charges in violation of the Iowa Code sections I have just referenced, and he is sentenced as follows pursuant to Iowa Code sections 902.9 and 902.3.

In case number FECR 295109 count I, child endangerment causing bodily injury, a lesser included offense, Mr. Parson shall be imprisoned for a period not to exceed five years.

As to Count II in FECR 295109, neglect of a dependent, Mr. Parson shall be imprisoned for a period not to exceed ten years. Mr. Parson shall receive credit against these sentences for any days served in custody on these individual offenses since his arrest.

Pursuant to Iowa Code sections 90 1.5(9)(c) and 901.8, the sentences of incarceration shall run concurrent to each other for a total period not to exceed ten years. Probation is denied.

. . . .

Probation is denied based on the sentencing considerations set out herein. The Court determines that the sentence set forth herein will provide maximum opportunity for rehabilitation of Mr. Parson and protection of the community from further offenses. Pursuant to Iowa Code Section 907.5, the Court has considered the following factors: Mr. Parson's age; his prior record of convictions and deferments of judgment, if any; his employment circumstances; his family circumstances; and the nature of the offenses committed.

. . . .

. . . I do want to add one thing that I didn't say, and I should have in terms of what I had considered before entering sentence herein. I did also take into consideration the three exhibits that the defendant admitted here today, which are Exhibits A, B, and C, which consisted of individual letters by three of his family members.

Parson appealed.

**II. Standard of Review.**

We review the trial court's sentencing order for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* We consider a district court's sentencing decision "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *See id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (2014)).

**III. Discussion.**

Parson argues the sentencing court failed to consider the required sentencing factors by using "boilerplate" language. Parson also argues the sentencing court improperly considered Parson's juvenile delinquency adjudications without considering the mitigating factors associated with juveniles. The State argues the sentencing court properly exercised its discretion and the consideration of prior juvenile adjudications was authorized by statute. We agree with the State.

At sentencing, the district court is required to "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)); *see also* Iowa Code § 907.5(1). In addition, the court must state on the record its reasons for selecting the particular sentence. Iowa R. Crim. P. 2.23(3)(d). The reasons

"need not be detailed, [but] at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Barnes*, 791 N.W.2d 817, 828 (Iowa 2010) (quoting *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000)).

Here the sentencing court considered the presentence investigation (PSI) report while explicitly excluding dismissed charges on page 11 of the PSI. The sentencing court considered Parson's age, prior record of convictions and deferment judgments, employment circumstances, family circumstances, and the nature of the offenses. The sentencing court specifically considered three letters written by Parson's family members. The sentencing court analyzed the required statutory factors and additional documentation that was relevant to sentencing. We disagree the sentencing determination was mere "boilerplate," as Parson suggests.

Parson also argues the sentencing court must consider the mitigating factors of youth when utilizing juvenile adjudications as a sentencing factor. *See State v. Lyle*, 854 N.W.2d 678, 395 (Iowa 2014) (discussing mitigating factors applicable to youthful offenders). Juvenile adjudication and disposition proceedings are admissible "in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor." Iowa Code § 232.55(2)(a).

Here, Parsons pled guilty to two felonies. The Iowa Code authorized the sentencing court to consider Parson's juvenile offenses. *See id.* The sentencing court did not abuse its discretion in constructing Parson's sentences.

**AFFIRMED.**