# IN THE COURT OF APPEALS OF IOWA

No. 22-0267
Filed November 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHANIEL SCOTT PEARCE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

        The defendant challenges the imposition of consecutive sentences following guilty pleas. **AFFIRMED.**

        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Nathaniel Pearce pled guilty to two counts of sexual abuse in the second degree and was later sentenced to two consecutive twenty-five-year terms of imprisonment. Here on appeal, Pearce argues the district court did not provide adequate reasons to explain why it imposed consecutive sentences and the court placed too much weight on the nature of the offenses in deciding the appropriate sentences.[1] We find no abuse of discretion.

"Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be challenged on direct appeal even in the absence of an objection in the district court.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted). We review sentencing decisions for correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016) (citation omitted). In exercising discretion at sentencing, the district court must weigh and consider "all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *Thacker*, 862 N.W.2d at 405 (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)). Iowa Rule of Criminal Procedure 2.23(3)(d) also provides that the court must state on

---

[1] As Pearce is challenging his sentences, he has good cause for this appeal. *See* Iowa Code § 814.6(1)(a)(3) (2022) (requiring good cause to appeal when the defendant pleads guilty to crimes other than class "A" felonies); *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("[T]he good-cause requirement is satisfied . . . when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

the record the reasons for selecting the particular sentence. This applies to the decision to impose consecutive terms. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The purpose of requiring the sentencing court to state the reasons for the sentence is to "ensure[] defendants are well aware of the consequences of their criminal actions" and to afford "appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (citations omitted).

As part of a plea agreement, the State amended the charges against Pearce from two counts of continuous sexual abuse of a child[2] to two counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) (committing sexual abuse and the other person is under age twelve). Both Pearce and the State were free to argue for any sentencing recommendation they saw fit. The State recommended two consecutive sentences because one of the children "incurred this over a period of ten years" and "[t]he other one over five years." Through his attorney, Pearce asked the court to order the sentences to run concurrently, stating that while "it is a very bad thing that went on for ten years," concurrent twenty-five-year sentences with a 70% mandatory minimum would "speak volumes" to both Pearce and "also to the public" from a deterrence standpoint. After Pearce's allocution, the court stated:

> In considering a sentence, Mr. Pearce, the Court needs to look at several factors. The broad factors include the defendant's maximum rehabilitation and the protection of the community from offenses by this defendant and others. Part of that protection of the

---

[2] Under Iowa Code section 709.23(1),

> A person eighteen years of age or older commits continuous sexual abuse of a child when the person engages in any combination of three or more acts of sexual abuse in violation of section 709.3 or 709.4, with the same child, and at least thirty days have elapsed between the first and last acts of sexual abuse.

community is deterrence to others. That dovetails into the protection of the community consideration looked at by the Court.

The Court also needs to look at several more specific factors including the defendant's age and prior record, the defendant's employment and family circumstances, the nature of the offense, the defendant's attitude and recommendations of the Presentence Investigation [(PSI)] Report and recommendations of the attorneys. I'll verify with you that the Court has considered all of the above, and the Court has had an opportunity prior to the hearing to review the [PSI] Report that is contained in the court file.

In sentencing, Mr. Pearce, it's not a thing where one factor, one specific factor, carries the day in terms of weight. It is a combination of factors, and the Court needs to look at all the factors in combination. The Court needs to factor in the rehabilitation of the defendant, what's available for counseling and resources. The Court certainly needs to factor in the protection of the community looking at the safety of others. Also the deterrence factor comes into play as well as part of protection of the community. And the Court certainly looks at the nature of the offense and circumstances of the offense as well. And those are the statutory factors the Court looks at.

Mr. Pearce, one of the things about your case is you don't have an extensive prior criminal history. The Court notes that from the [PSI] Report, and so you've not had prior resources from the court system prior to the instant offense. So that is a factor the Court has considered here as part of its decision.

However, the Court needs to also look at other factors as I identified, and the striking thing here about your situation would be the nature of the offenses. And there are two distinct and separate victims here that need to be considered by the Court. This is behavior that impacted a whole family, obviously, but there are two very specific and distinct victims involved in the matter. Each of those victims, obviously, has been greatly and adversely impacted by these events, and for a long period of time, have been affected and will be affected by your actions.

The Court—and by its very nature, sexual abuse in the second degree indicates that the victims were under age twelve when the offenses happened so the victims were very young, and again, it happened over a period of time, long period of time and a number of years as well for each of the victims of the offense.

So in looking at all of these factors, Mr. Pearce, in combination, the Court, and again, knowing that we do have the seventy percent minimum incarcerations that is to apply, the Court has determined that in the interest of the protection of the community and your rehabilitation that the sentences in the offenses should be run consecutively or one after the other for the reasons I have placed

on the record and so the sentences here will be run consecutively by the Court.[3]

The only decision before the sentencing court was whether Pearce would serve his two twenty-five-year sentences consecutively or concurrently. In imposing consecutive terms, the court explicitly considered Pearce's age, his lack of prior criminal history, and the fact that there were two separate child victims. "Given the serious nature of the defendant's offenses and the number of victims, the sentencing court was well within its discretion in imposing consecutive sentences . . . ." *State v. Witham*, 583 N.W.2d 677, 679 (Iowa 1998) (affirming sentencing court imposing three consecutive sentences when defendant pled guilty to three counts of committing lascivious acts with a child with three separate child victims). And we cannot say the district court put too much weight on the nature of the offenses and not enough weight on Pearce's lack of criminal history, as both are proper considerations and the weighing of the factors is up to the sentencing court. *See State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015) ("When considering whether a court abuses its discretion by imposing a sentence of

---

[3] Pearce has not raised this issue for reversal, but we note that Pearce pled guilty to second-degree sexual abuse, which involved him committing sexual abuse on two children under the age of twelve. He did not plead guilty to the crimes with which he was initially charged—continuous sexual abuse of a child. None of Pearce's admissions involved the long duration of sexual abuse referenced by the prosecutor, Pearce's own attorney, and the court. *See State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020) ("While minutes of testimony attached to a trial information 'can be used to establish a factual basis for a charge to which a defendant pleads guilty[,] [t]he sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true.' 'Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them.'" (alterations in original) (internal citations omitted)).

incarceration, we recognize the nature of the offense alone is not determinative. On the other hand, the seriousness and gravity of the offense is an important factor." (internal citation omitted)); *see also Thacker*, 862 N.W.2d at 405 ("In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" (citation omitted)). Here the district court weighed factors, both positive and negative, and we do not find the sentence given was untenable or clearly unreasonable. *See Hopkins*, 860 N.W.2d at 556.

Because Pearce has not raised a reversible error, we find no abuse of discretion and affirm.

**AFFIRMED.**