# IN THE COURT OF APPEALS OF IOWA

No. 24-0590
Filed November 13, 2025

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**CARLOS ALLEN HIVENTO,**
  Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Johnson County, Elizabeth Dupuich, Judge.

   A defendant appeals the sentence imposed following his conviction for third-degree sexual abuse. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**

   Kent A. Simmons, Bettendorf, for appellant.

   Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

   Considered without oral argument by Badding, P.J., Langholz, J., and Mullins, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

A jury found Carlos Hivento guilty of third-degree sexual abuse after he lured a woman to the rooftop of an Iowa City bar, forced her to the ground, and sexually assaulted her. The district court imposed a ten-year term of imprisonment, which it ordered to run consecutively to Hivento's preexisting sentence for a separate offense. In this appeal, Hivento contends the court abused its discretion by "failing to state valid reasons" for imposing a consecutive prison term. He also asserts that the district court exceeded its sentencing authority by ordering him to complete sex offender treatment while incarcerated. Our review is for correction of errors at law. *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025).

I.    **Consecutive Sentence**

Iowa Rule of Criminal Procedure 2.23 requires the sentencing court to "particularly state the reason for imposition of any consecutive sentence." Iowa R. Crim. P. 2.23(2)(g). This requirement is designed to ensure defendants are "aware of the consequences of their criminal actions" as well as to facilitate appellate review. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (citation omitted). The sentencing court's explanation need not be detailed so long as it satisfies these goals. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). That said, the grounds for a consecutive sentence must be "explicitly state[d]." *Hill*, 878 N.W.2d at 275 (holding appellate courts may not infer that "the same reasons for imposing a sentence of incarceration" motivated a consecutive sentence).

Because Hivento's offense was a forcible felony, the district court was required to impose an indeterminate prison term. *See* Iowa Code § 907.3 (2017). The applicable term of confinement for third-degree sexual abuse is no more than

ten years. *See id.* §§ 709.4, 902.9(d). What remained for the court to decide was whether Hivento's new sentence would run concurrently or consecutively to the thirty-four-year prison term he was already serving for a different sexual assault. *See id.* § 901.8 (granting the sentencing court discretion to order a "second or further sentence to begin at the expiration of the first"). The State urged the court to impose a consecutive sentence, arguing this case involves a violent offense that is wholly separate from Hivento's other crime. Defense counsel argued that Hivento's existing term is more than sufficient to protect the public.[1]

Weighing its sentencing options, the district court noted Hivento's "robust" criminal history and his failure to accept responsibility for his offense. It then recounted the troubling details of the instant assault, which Hivento continued to dispute at the time of sentencing. The court also observed that Hivento had been exposed as a "sexual offender who cannot be released without an alarming risk to the community." Ultimately, the court imposed a consecutive term of imprisonment. It explained that Hivento's present and former offenses "were two totally separate events." It further cited "the factors the court has already stated" and "the reasons stated by the State"—which both parties take to mean the violent and predatory circumstances of the assault. Hivento contends these reasons are not enough to support his additional punishment. We disagree.

Iowa courts have routinely observed that the independent nature of a second offense is an appropriate ground for consecutive sentencing. *See, e.g.,*

---

[1] Hivento took a different tack than his attorney. When it was his turn to address the court, he challenged the validity of his conviction, objected to his pre-existing sentence, and argued "nobody's been treated worse by the State of Iowa than me."

*State v. Pirie*, 18 N.W.3d 238, 250 (Iowa 2025); *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991); *State v. Scotton*, No. 24-1582, 2025 WL 1704360, at *3 (Iowa Ct. App. June 18, 2025); *State v. McDole*, No. 22-1397, 2023 WL 3092108, at *1 (Iowa Ct. App. Apr. 26, 2023). Hivento correctly points out that a separate conviction is the legal prerequisite for a consecutive sentence, not an automatic reason to impose one. But here, the court's focus was on the "total" factual distinction between Hivento's two offenses, which he perpetrated at different times and against different victims. It was within the court's discretion to find these "separate and independent crimes" warranted consecutive sentences. *Johnson*, 476 N.W.2d at 335.

Hivento also contends that the violent character of his offense cannot justify a consecutive sentence because this consideration is "embedded in the mandatory imprisonment" the legislature has prescribed for forcible felonies. But there is nothing wrong with that. The district court may impose a consecutive sentence for "the same reasons" that support a sentence of incarceration, so long as those reasons are made explicit. *Hill*, 878 N.W.2d at 275. At bottom, Hivento's arguments amount to little more than disagreement with the district court's decision, which is not a basis for us to disturb his sentence. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (explaining a sentence within statutory limits "will only be overturned for an abuse of discretion or the consideration of inappropriate matters"). The court's reasons were permissible, and its statements on the record were sufficient to apprise Hivento and facilitate our review. We find no abuse of discretion.

## II.    Sex-Offender Treatment

As a part of Hivento's sentence, the district court separately ordered him to "attend and successfully complete the Sex Offender Treatment Program" (SOTP) while in the custody of the Department of Corrections.  Hivento contends the court lacked statutory authority to order this treatment.  The State agrees.  Both parties ask that we vacate Hivento's SOTP requirement without disturbing the rest of the district court's sentence.

Sentencing courts "may only impose punishment authorized by the legislature within constitutional constraints."  *State v. Louisell*, 865 N.W.2d 590, 598 (Iowa 2015).  A sentence imposed without statutory authority is illegal and void.  *Id.* at 597.  As we have previously observed, no statute authorizes a district court to order SOTP in connection with a defendant's prison sentence.  *See State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 (Iowa Ct. App. Apr. 14, 2021).  While the Department of Corrections may require an inmate to participate in sex offender treatment, that decision is within the authority of the department and not the sentencing judge.  *See Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010).

When an illegality is severable from the balance of a defendant's sentence, we may vacate the challenged portion alone.  *See Bonilla v. State*, 791 N.W.2d 697, 702 (Iowa 2010); *State v. Maghee*, 573 N.W.2d 1, 7 (Iowa 1997).  Because the district court lacked authority to order Hivento's participation SOTP, we vacate

that portion of his sentence and remand for entry of a corrected sentencing order. As Hivento acknowledges, no rehearing is necessary.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**