# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0609
Filed April 1, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Andrew Michael Popp,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

---

**AFFIRMED**

---

John C. Heinicke of Kragnes & Associates, P.C., West Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J. Partial Dissent by Ahlers, P.J.

**SANDY, Judge.**

A robbery at a Dubuque Dunkin' Donuts resulted in Andrew Michael Popp's plea to reduced charges and concurrent ten-year prison terms. On appeal, the questions are narrow: did the district court lawfully exercise its sentencing discretion, and did it commit error in suspending Popp's fines. We conclude it committed no abuse of discretion or legal error and affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In the early morning hours of September 29, 2022, a robbery occurred at a Dunkin' Donuts located in Dubuque, Iowa. At approximately 5:10 a.m., a man entered the store and demanded money from the cash register. During the encounter, the man placed a handgun on the counter and cocked it, prompting the employee to surrender the cash contained in the drawer. Store employees provided law enforcement with a description of the suspect, including his clothing and physical characteristics.

Law enforcement reviewed nearby surveillance footage and identified a red 2017 Chrysler 200 with Wisconsin license plates in the vicinity of the store around the time of the robbery. Investigation revealed the vehicle's owner reported it stolen that morning, stating she had not given permission for anyone to take or operate it. The vehicle was subsequently found in the parking lot of a Walmart in Maquoketa, Iowa. Officers observed a man—identified as Popp—who matched the robbery suspect's description asleep inside the vehicle. A search of the vehicle uncovered items connecting the occupant to the robbery, including clothing matching the description given by witnesses, cash, personal identification documents, and a handgun. The vehicle also contained property belonging to its owner.

In October, the State charged Popp by trial information with robbery in the first degree and possession of stolen property in the first degree. The State later supplemented the trial information to include a dangerous-weapon sentencing enhancement. After an extended pretrial period that included competency-related proceedings, the parties reached a plea agreement. Under the agreement, Popp agreed to plead guilty to robbery in the second degree as a lesser-included offense and to possession of stolen property in the first degree. Under the agreement, the parties were free to argue for any legal sentence, and the State agreed not to pursue the sentencing enhancement. The district court accepted the guilty pleas and ordered a presentence investigation report.

Sentencing occurred in January 2025. The district court imposed concurrent indeterminate prison terms of ten years on each count. For the robbery conviction, the court imposed a mandatory minimum sentence of sixty percent pursuant to Iowa Code section 902.12 (2022). The court imposed fines on both counts but suspended the fines and surcharges. The court also ordered restitution and made a finding that Popp lacked a reasonable ability to pay category "B" restitution. The court committed Popp to the custody of the Iowa Department of Corrections and entered additional orders related to mental-health evaluation, firearm prohibition, and no-contact provisions. Popp subsequently filed a motion to reconsider, enlarge, or amend the sentence, which the district court denied. Popp now appeals.

## STANDARD OF REVIEW

Popp challenges his sentence, contending the district court abused its discretion by imposing a ten-year concurrent prison sentence with a mandatory sixty-percent minimum and alleging that the sentencing court

illegally suspended his fines. We review a court's sentencing decision for abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). The chosen sentence is cloaked with a strong presumption in its favor. *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024). We review the legality of a court's sentence for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

## DISCUSSION

Popp contends in his appellate brief that the district court promised him that, at sentencing, it "would not do anything more onerous than what is recommended by the presentence investigation report [(PSI)]." And thus, he claims, when the PSI was silent on the mandatory minimum, the district court had to sentence him to no mandatory minimum. And to the extent the court's statements do not warrant relief, he argues, the court otherwise abused its discretion. We disagree for three reasons.

First, assuming without deciding the district court's promise about the PSI was actionable, the court did not break its word. The PSI did not recommend no mandatory minimum be imposed; instead the PSI writer consciously chose to leave that issue in the court's hands. The court thus did not impose a sentence more "onerous" than what the PSI recommended.

Second, the State is correct in its assertion that the district court could not impose a ten-year sentence with no mandatory minimum as Popp requests. To do so would constitute an illegal sentence. *See* Iowa Code §§ 902.12(4), 901.11(4); *State v. Chawech*, 15 N.W.3d 78, 85 (Iowa 2024) (discussing illegal sentences); Iowa R. Crim. P. 2.24(5)(b) ("An illegal sentence is a sentence that could not have been lawfully imposed for the defendant's conviction or convictions."). Thus, the court did not abuse its

discretion when it imposed a mandatory minimum sentence for the second-degree robbery conviction. To the extent Popp claims that the court abused its discretion by setting the mandatory minimum at sixty percent, we disagree. Iowa Code section 902.12 required the court to impose a mandatory minimum between fifty and seventy percent, and the court expressly considered the factors set forth in section 901.11(4), including the nature of the offense, Popp's mental health history, rehabilitation efforts, and the impact on the victims. The sentence imposed fell squarely within the permissible statutory range and was supported by articulated reasons in the record.

Third, nothing in our review of the record reflects that the sentencing court was operating under the impression that it did not have the discretion to suspend the imposed prison sentence for Popp's first-degree theft conviction. Rather, because the court was imposing a prison sentence for the second-degree robbery conviction, and because the court ran the sentences concurrent to one another, imposition of sentence made good sense.

Popp's final argument claims that the sentence imposed was illegal because of imposition of prison but suspension of fines. His argument is based entirely on the dissenting opinion in *State v. Laue*, No. 23-0208, 2023 WL8448475, at *2–4 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). But our court has rejected that position while sitting en banc. *State v. Cullum*, No. 23-0911, 2025 WL 2057904, at *4–5 (Iowa Ct. App. July 23, 2025) (en banc). Accordingly, we are not convinced that suspension of fines in this case amounts to an error at law. *See State v.*

*Duffield*, 16 N.W.3d 298, 304 (Iowa 2025) (declining to endorse the *Laue* dissent's reasoning).

**AFFIRMED.**

Buller, J., concurs; Ahlers, P.J., dissents in part and concurs in part.

**AHLERS, Presiding Judge** (concurring in part and dissenting in part).

I concur with the majority opinion as it relates to the imposition of the minimum sentence on Andrew Popp's second-degree robbery conviction and the imposition of the prison sentence on his theft conviction. But I respectfully dissent from the decision to reject Popp's challenge to the suspension of his fines on those charges.

For the reasons stated in my partial dissents in *State v. Laue*, No. 23-0208, 2023 WL 8448475, at *2–4 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part), and *State v. Cullum*, No. 23-0911, 2025 WL 2057904, at *10–12 (Iowa Ct. App. July 23, 2025) (en banc) (Ahlers, J., concurring in part and dissenting in part), our sentencing statutes require a defendant to be placed on probation if any part of a sentence is suspended. Since the district court suspended the fines on Popp's two charges, it was required to place him on probation. *See* Iowa Code §§ 901.5(3) (giving the court authority to suspend execution of any part of a sentence "as provided in chapter 907"), 907.3(3) (2022) (requiring the court to place the defendant on probation upon suspension of a sentence). Because the court did not couple the suspension of Popp's fines with probation, the suspension of the fines runs afoul of our sentencing statutes and constitutes an illegal sentence. Therefore, I respectfully dissent from that part of the majority opinion that does not vacate the sentence and remand for resentencing.

I also respectfully disagree with the majority's contention that *Cullum* answered the question here. The *Cullum* majority identified the issue as "whether a district court has the flexibility to impose a term of incarceration and suspend the fines." 2025 WL 2057904, at *4. As I pointed out in my partial dissent, that's not the issue. *Id.* at *10. No one disputes that the court

has the authority to impose a term of incarceration while also suspending the fine, so the lengthy discussion in the *Cullum* majority opinion addressing that undisputed issue doesn't answer the question presented here. The pertinent question is this: If the fine is suspended, do the governing statutes require the court to also place the defendant on probation? For the reasons highlighted above and discussed in more detail in my partial dissents in *Laue* and *Cullum*, I conclude they do.

This issue has been lingering for several years. I believe this is the first time we've had adversarial briefing on it.[1] It is my hope that Popp will seek further review, and our supreme court will grant it. While I believe the relevant statutes unambiguously require the outcome I've described, there continues to be disagreement on this court. At the risk of begging, I believe it is in everyone's best interest for the supreme court to take the case on further review to resolve the disagreement, whatever that resolution may be.

---

[1] In *Cullum*, we invited an attorney to volunteer to submit an amicus brief to defend the district court's position, which was the same position I take here—that the district court could not suspend fines without placing the defendant on probation—because neither party defended that position. 2025 WL 2057904, at *4.