# IN THE COURT OF APPEALS OF IOWA

No. 19-0442
Filed August 19, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DANIEL ANTHONY HARDEN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley, District Associate Judge.

Daniel Harden appeals following his guilty pleas to aggravated assault and possession of a controlled substance (marijuana) second offense. **CONVICTIONS AFFIRMED, SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Daniel Harden entered written guilty pleas to aggravated assault and possession of a controlled substance (marijuana) second offense, both aggravated misdemeanors.[1]  Harden waived his right to a sentencing hearing, and the district court immediately imposed a jail sentence of thirty days on the assault conviction and 180 days on the possession conviction, with 165 days suspended, to be served concurrently with the assault sentence.  The dispositional order stated: "The sentence imposed in this case is based on the facts shown to the court, **the plea agreement,** presentence investigation or NCIC criminal history report and/or for reasons of deterrence."

On appeal, Harden argues "the sentencing order followed a template, a boilerplate form," which "tells us nothing about how the district court arrived at a particular sentence in a particular case."  The State responds that "the district court articulated its reasons for the sentence on the record, and these reasons were both sufficient to support the sentence imposed and to allow for appellate review of the decision."  We find Harden's argument more persuasive.[2]

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'"  *State v. Hill*,

---

[1] A second assault charge was dismissed.

[2] Harden entered his plea and was sentenced before the effective date of an amendment to Iowa Code section 814.6, which—with limited exceptions— eliminated the right of appeal from "[a] conviction where the defendant has pled guilty."  *See* 2019 Iowa Acts ch. 140, §28 (codified at Iowa Code § 814.6(1)(a)(3) (2020)).  In any event, the Iowa Supreme Court recently held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

878 N.W.2d 269, 273 (Iowa 2016). "We have rejected a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case." S*tate v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

In evaluating the adequacy of the district court's statement of reasons for the sentences, we begin with the court's reference to a "plea agreement." The standardized plea forms delineated the rights Harden would be waiving, listed the statutory penalties for various crimes, and included short handwritten statements describing the factual bases for the pleas. The forms contained an acknowledgment of Harden's understanding that "the judge may not follow the recommendation in the plea agreement and that [his] sentence may be either less or more severe than the plea agreement recommendation." However, none of the written plea forms outlined the "plea agreement recommendation[s]." The State concedes as much, stating "no written plea agreement appears in the record." The State's concession and the absence of any indication that Harden's sentences memorialized a plea recommendation renders the reference to a "plea agreement" meaningless. *See id.* at 410 ("[W]e do not know from the record whether the particulars of the district court's sentence were agreed to by the parties. Although we know there is a plea agreement of some kind, the Petition to Plead Guilty to Serious Misdemeanor is silent on the terms of the plea agreement. . . . Further, even if there was an agreed upon recommendation for sentencing, we do not know from the record whether the district court followed it in every particular or deviated from it in some respects.").

The same holds true for the reference to a "presentence investigation." Although the plea forms stated the court could "take such additional time as the

court requires" if the court wished "further presentence investigation," the court did not do so, and no presentence investigation report appears in the record. As for the reference to "NCIC criminal history report," that too does not appear in the record.

We are left with "and/or reasons of deterrence." The "and/or" reference is the equivalent of an unchecked box on a form order. We cannot discern whether deterrence was or was not a factor in the sentencing decision. *See State v. Schrader*, No. 16-1816, 2017 WL 2465810, at *2 (Iowa Ct. App. June 7, 2017) (citing "unchecked boxes in the plea agreement" and stating "[t]his court is not able to adequately review why that recommendation was not followed or the reasons for the sentence because we have no presentence investigation report, no reported sentencing hearing, and only boilerplate sentencing language").

In sum, "[l]ooking *on the record*, we do not know whether the district court exercised its discretion, simply accepted the parties agreement, or did a little of both." *Thacker*, 862 N.W.2d at 410. We conclude the district court's statement of reasons for the sentences imposed reflects an abuse of discretion. We affirm Harden's convictions but vacate his sentences and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED AND REMANDED FOR RESENTENCING.**