# IN THE COURT OF APPEALS OF IOWA

No. 19-1337
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEREK EUGENE ROBBINS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Dustria A. Relph, Judge.


Derek Eugene Robbins appeals the imposition of consecutive sentences and makes a claim of ineffective assistance of counsel. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Derek Eugene Robbins appeals the imposition of consecutive sentences and asserts trial counsel failed to provide effective assistance by not filing a motion to suppress evidence. We find no abuse of discretion in sentencing, and Iowa Code section 814.7 (Supp. 2019) precludes our consideration of Robbins's ineffective-assistance-of-counsel claim. We affirm.

On July 19, 2019, Robbins pleaded guilty to possession with intent to deliver methamphetamine; possession of marijuana, third or subsequent offense; and possession of drug paraphernalia pursuant to a plea agreement. At the plea hearing, Robbins requested immediate sentencing. As part of the plea agreement, the parties each recommended consecutive sentences for the drug-possession offenses and Robbins requested a reduction in the statutory mandatory minimum sentence. The recommendations were not binding on the court. The court imposed the recommended consecutive sentences of incarceration for a total period not to exceed thirty years and two days, which would run concurrent to Robbins's parole violation in a separate case, and reduced the mandatory minimum sentence by one-third as a result of Robbins's plea.

Robbins asserts the court abused its discretion by failing to state any reasons for running the sentences consecutively beyond the negotiated plea agreement.

We review the sentence imposed by the district court for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* "While the rule requires a statement of reasons

on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

The court asked Robbins questions about his criminal history, time spent in prison, and his employment history. After the discussion, the court opined probation was not appropriate in light of Robbins's history of parole violations and his need for correctional assistance. The court also stated,

> [T]his plea agreement is appropriate in consideration of your prior criminal history, your age, your employment circumstances, your need and potential for rehabilitation, the nature and circumstances of the offense, and the fact that you are taking responsibility and entering a plea. I'm also taking the plea agreement into account.

The court considered the recommendations of both parties under the plea agreement and used its discretion to determine the agreed-upon sentence was appropriate for Robbins's offenses. The sentencing recommendation was described and requested on the record by both the State and Robbins's counsel. *See id.* at 410 (requiring the record to reflect particulars of an agreed plea agreement sentence and whether the court followed or deviated from it). "[A] sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it 'was merely giving effect to the parties' agreement.'" *Id.* at 409 (citation omitted). The court imposed the sentence recommended by the plea agreement and provided sufficient reasons for the sentence, and accordingly, we find no abuse of discretion.

Robbins also raises an ineffective-assistance claim for counsel not filing a motion to suppress. As of July 1, 2019, Iowa Code section 814.7 "requires claims

of ineffective assistance of counsel be first filed in 'an application for postconviction relief pursuant to chapter 822' rather than asserted on direct appeal" and "prohibits claims of ineffective assistance of counsel from being decided on direct appeal." *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021). Because Robbins's conviction was final after the legislation's effective date, his claim of ineffective assistance of counsel "must be resolved in the first instance in postconviction relief proceedings rather than on direct appeal." *See id.* at 153. Section 814.7 precludes our consideration of Robbins's ineffective-assistance claim.

**AFFIRMED.**