# IN THE COURT OF APPEALS OF IOWA

No. 22-0336
Filed October 19, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SPENCER JERRICK CARTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

Spencer Jerrick Carter appeals the sentence imposed for his conviction for domestic abuse assault, second offense. **AFFIRMED.**

Daniel A. Dlouhy of Dlouhy Law, PC, East Dubuque, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BOWER, Chief Judge.**

Spencer Jerrick Carter pleaded guilty to domestic abuse assault, second offense. He appeals the sentence imposed, asserting the district court abused its sentencing discretion. The district court's reasoning was neither unreasonable nor untenable, and thus we find no abuse of sentencing discretion. We affirm.

On February 14, 2022, Carter appeared for a global sentencing hearing related to four separate criminal cases and nine separate charges.[1] With respect

---

[1] The global plea provides, in part:

FECR143874 (Count III): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did knowingly act in a manner that created a substantial risk to the physical, mental or emotional health or safety of a child.

FECR143874 (Count IV): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did harass [T.W.] and threaten to commit a forcible felony.

FECR143874 (Count V): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did commit an assault against [M.L.], a uniformed peace officer.

FECR143874 (Count VI): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did commit an assault against [T.S.], a firefighter.

FECR143874 (Count VII): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did commit an assault against [S.H.], a firefighter.

SRCR143192 (Count I): That on or about August 17, 2021, in Dubuque County, Iowa, the Defendant did commit an assault against [N.E.O.] with whom Defendant had a domestic relationship, causing bodily injury and having been previously convicted of domestic assault in case number 04CR10134 in Beltrami County, Minnesota in August of 2010.

SMCR143875 (Count I): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did knowingly resist or obstruct Officer [H.], a uniformed peace officer, in the performance of his lawful duty.

SMCR143875 (Count II): That on or about October 14, 2021, in Dubuque County, Iowa, the Defendant did knowingly resist or obstruct Officer [C.M.], a uniformed peace officer, in the performance of his lawful duty.

to the conviction at issue here—SRCR143192, domestic abuse assault, second offense—the district court imposed a two-year term of imprisonment to be served consecutive to other sentences imposed. Carter appeals.

At the sentencing hearing, the court explained its sentencing decision:

> These are a lot of offenses to consider, and the thing that is most problematic to me is the fact that there is a problem with alcohol but when some of these things have been occurring, alcohol was not the issue. So you've got a temper, you and [N.O.] obviously don't have compatibility, and you talked about that, so you've got charges against her, with her, that resulted in your child saying these things, which is also not healthy for that child. . . . I saw that the time between the last incident and these were a number of years ago. So the years passed, and you were doing well. The years passed, and you maintained employment. Those are all extremely positive things that I consider in and take into consideration for what I have to look at. Then I have to break it down with regard to each of the offenses, what prompted everything how it came about, and what it would do to whom. . . . And at your age, making the choice to stay in a relationship with a woman that you obviously don't have any respect for or you wouldn't have done what you did to her, that's also a problem. So, I can tell you I do appreciate the fact that you may have been responsible for your children, but the other choices you have made at your age are not responsible, and I can't give you a suspended sentence on them. I will, however, take the recommendation of the [presentence investigation] as opposed to what the State is recommending, so it will give you some relief, and I hope that once you get into the system, things go much more quickly for you, and that while you're there, you continue to maintain sobriety and seek that counseling that is necessary for you to recognize what your triggers are and how to stop you from going back into that same state.
> . . . And then with regard to SRCR 143192, two years. That will run consecutive . . . .

The written sentencing order noted the two-year indeterminate term was based on

---

SRCR144570: That on or about December 7, 2021, in Dubuque County, Iowa, the Defendant did knowingly resist or obstruct Deputy [S.F.], a uniformed peace officer, in the performance of his lawful duty and which resulted in bodily injury.

all the available SENTENCING CONSIDERATIONS set out in Iowa Code section 907.5. The court finds the following factors the most significant in determining this particular sentence. . . . The following factors are also the reasons for the consecutive sentence if imposed:
- The nature and circumstances of the crime
- The Plea Agreement
- Defendant's criminal history
- Defendant's substance abuse history
- Defendant's propensity for further criminal acts
- Statutory sentence requirements

Among other conditions, the court ordered Carter to obtain a substance-abuse evaluation and abide by all recommendations, participate in a domestic-abuse program, and have no contact with the victim. Carter appeals the sentence imposed.[2]

On appeal, Carter asserts the district court abused its sentencing discretion. He argues, "The consumption of alcohol is not a propensity for further criminal acts—even if the abuse of alcohol may lead to the commitment of criminal acts." He asserts the court "should have more clearly set forth what actions by Mr. Carter were an indication of his propensity for further criminal acts."

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often

---

[2] Because Carter is challenging his sentence, he has good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.

*Id.* at 724–25 (internal citations omitted). An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

The record we review contains both the written and oral pronouncement of sentence. *See* Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence."). Carter's reading of the written order is cramped and ignores the court's oral pronouncement of reasons. When read together, we are provided sufficient information to identify the court's reasons for the sentence imposed. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (noting that a "terse and succinct" statement of reasons for a sentencing decision is enough if the appellate court can identify "the reasons for the exercise of discretion").

We conclude the court considered relevant factors, including Carter's admitted problems with alcohol use and lack of emotional control when under the influence. The court's consideration was in the context of a multi-case sentencing, it explained the sentence was for the protection of the community in part and Carter's possible rehabilitation. The court's reasons were neither untenable nor unreasonable. We affirm.

**AFFIRMED.**