# IN THE COURT OF APPEALS OF IOWA

No. 24-0141
Filed January 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RANDOL ANDREW GARCIA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

A defendant appeals his sentence, alleging the district court abused its discretion in failing to consider specific mitigating factors. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria R. Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge**

Randol Garcia appeals his sentence, alleging that the district court abused its discretion in sentencing him to a term of incarceration. Garcia, a juvenile at the time of the commission of the offense, alleges the court failed to fully consider mitigating factors when formulating his sentence. Upon our review, we affirm.

## I. Background Facts and Proceedings

In June 2023, a juvenile court transport officer was driving Garcia to the Eldora juvenile detention center. Garcia was handcuffed, and his legs were shackled in the backseat of the vehicle. Enroute, Garcia asked the transport officer to stop to use the restroom; his request was denied. Garcia then complained about being ill. The driver pulled over to assist Garcia. Once the driver opened the door, Garcia assaulted the driver. With the driver on the ground, Garcia took control of the vehicle and drove from the scene. The transport driver had significant bleeding from the head.[1] Because the transport officer's cellphone remained in the vehicle, the location of the vehicle was traceable. Law enforcement initiated a pursuit. Garcia lost control of the vehicle and was taken into custody.

Garcia was charged by trial information with first-degree robbery. He later entered into a plea agreement which included a guilty plea to second-degree robbery and an open sentence, with each side free to make sentencing recommendations. The State recommended incarceration, while Garcia requested a deferred judgment, or in the alternative, a suspended sentence and

---

[1] Garcia stipulated to limited facts contained in the minutes of testimony as a basis for his guilty plea.

probation.[2]  Following a hearing, which included arguments of counsel, a victim impact statement, and a statement of allocution from Garcia, the district court ordered Garcia to serve an indeterminate ten-year period of incarceration.  The court rejected the State's request for a mandatory minimum period of incarceration, and consequently, Garcia was immediately eligible for parole.  Garcia appeals.[3]

## II.      Standard of Review

The sentence imposed is within the statutory limits.  As such, we review for an abuse of discretion.  *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor."  *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018).  "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) (quoting *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002)).  But we do not "rubber-stamp" the district court's decision

---

[2] Even though Garcia pleaded guilty to an offense defined as a forcible felony, *see* Iowa Code § 702.11(1) (2023), because he was a juvenile at the time of committing the offense, he was eligible for a deferred judgment or a suspended sentence— sentencing options for which he would not be eligible had he been an adult at the time the crime was committed.  *Compare id.* § 907.3 (making a defendant who has committed a forcible felony ineligible for a deferred judgment, deferred sentence, or suspended sentence), *with id.* § 901.5(13) (making a defendant eligible for a deferred judgment, deferred sentence, or suspended sentence if the defendant was under the age of eighteen at the time of the offense even if the defendant would be ineligible for such sentencing options if the offense were committed as an adult).

[3] Because Garcia challenges only his sentence, he has established good cause to appeal despite his guilty plea.  *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding that good cause to appeal following a guilty plea within the context of Iowa Code section 814.6(1)(a)(3) exists "when the defendant challenges his or her sentence rather than the guilty plea").

when imposing an adult sentence on a juvenile offender; even a discretionary sentencing may be suspect if the court

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017) (citation omitted).

## III.    Analysis

Garcia argues the district court failed to consider mitigating factors including his age and his features of youthful behavior, specifically, immaturity, impetuosity, and failure to understand risks and consequences; the circumstances of the crime relating to his youth that may have played a part; his family and home environment; the trouble he may have in navigating the criminal justice system; and his possible rehabilitation.  As part of this argument, he alleges that the district court abused its discretion by giving only "lip service" to the required sentencing factors and that it placed too much emphasis on the nature of the crime and protection of the community from the defendant.

With those challenges in mind, we look to the district court's recitation at Garcia's sentencing hearing. After acknowledging review of the presentence investigation report, the court stated, in relevant part:

> In deciding the sentence, the Court considers the defendant's age, attitude, prior criminal history, employment, financial and family circumstances, nature of the offense, use of weapon or force, the recommendation of the parties, and the ability to be rehabilitated through community services.
> We haven't talked about the PSI, which recommended a suspended sentence with placement at a residential facility, another matter—another option that is before the Court.

My concern with the defendant's proposal regarding a deferred judgment or suspended sentence, or even the PSI recommendation for place—for a suspended sentence with placement at a residential facility, is the Court's concern regarding the possible danger of the defendant to others in the—in society.

I—I appreciate Mr. Garcia's comments that he has—has a realization that he cannot continue on his present path. My fear, though, is that there's not been the history demonstrated at this point that he is not a danger to others. Given the nature of the crime and the situation, considering all the factors, the Court finds that a— imposition of a prison sentence is appropriate in this case.

The Court has also considered the State's recommendation for a requirement, pursuant to a forcible felony, that he serve fifty percent of that sentence. The Court finds that given the defendant's young age, the fact that there has been showings that undeveloped brains are more risky and that there's good reasons for treating persons under eighteen different than persons over eighteen, that the proposal of a mandatory fifty percent should be rejected.

I think the department of corrections will be in the best position to consider and determine when it would be appropriate for the defendant to be considered for parole.

So for those reasons, I'm going to sentence the defendant to ten years in prison with an indeterminate sentence.

Under the sentence imposed, Garcia is immediately eligible for parole, so the court was not required to hold a hearing on the *Miller/Lyle* factors. *See Crooks*, 911 N.W.2d at 173. But even when a *Miller/Lyle* hearing is not required, the court is still obligated to consider any mitigating circumstances, including applicable *Miller/Lyle* factors. *Id.* Those factors are:

> (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Majors*, 940 N.W.2d at 379 (quoting *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014)); *accord Miller v. Alabama*, 567 U.S. 460, 477–78 (2012)).

That said, the court is not required to specifically examine and apply each factor on the record at this point. It considers all relevant factors in exercising its discretion to select the proper sentencing option. We may find an abuse of discretion "[i]f a sentencing court fails to consider a relevant factor that should have received significant weight." *Majors*, 940 N.W.2d at 385 (quoting *Roby*, 897 N.W.2d at 138). But "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Here, the court stated it considered Garcia's youth, family circumstances, and need for rehabilitation when imposing sentence, along with other relevant sentencing factors. The court further indicated it had reviewed the presentence investigation report, which detailed Garcia's past placement history and family dynamics. We find the court's decision was not "unreasonable or based on untenable grounds." *See Majors*, 940 N.W.2d at 387. And while brief, "a terse and succinct statement may be sufficient, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (cleaned up).

## IV. Conclusion

We find no abuse of discretion in the district court's sentencing decision and affirm.

**AFFIRMED.**