# IN THE COURT OF APPEALS OF IOWA

No. 24-1582
Filed June 18, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTONIO S. SCOTTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, David M. Cox, Judge.

Following a guilty plea, Antonio Scotton challenges his sentence, alleging an abuse of discretion by the district court. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, Nicholas Siefert and Anagha Dixit, Assistant Attorneys General, and Samuel Augustyn, Law Student, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

On October 23, 2022, Antonio Scotton and an acquaintance participated in a conflict with multiple individuals near a bar in Iowa City. After the altercation had dissipated, Scotton and his friend left the area on foot. As they walked, they were approached by two individuals, Trayvon Robinson and Wyman Thomas, who accused Scotton of assaulting a female earlier that night. A second fight ensued, and a gun that was in Robinson's possession fell to the ground. Scotton, who gained possession of the weapon, fired it multiple times in the direction of Robinson and Thomas. One bullet struck Thomas in the back. He died as a result.

In an amended trial information, the State charged Scotton with voluntary manslaughter, intimidation with a dangerous weapon, and participation in a riot. Scotton later entered a guilty plea to an amended charge of involuntary manslaughter, a class "D" felony, in violation of Iowa Code section 707.5(1)(a) (2022) and participating in a riot, as originally charged, also a class "D" felony, in violation of section 723.1. As part of the plea agreement, the intimidation-with-a-dangerous-weapon charge was dismissed.

At sentencing, Scotton requested that the court defer judgment on both convictions, citing his age, compliance with pretrial release, and what he described as his minimal criminal history. He also argued the court should consider the fact that Thomas's death was unintentional. In contrast, the State recommended two indeterminate five-year terms of incarceration, citing the violent nature of the crime, Scotton's "troubling criminal history," and the rehabilitative benefits of incarceration. The State requested that the sentences run consecutively.

The district court adopted the State's recommendation and sentenced Scotton to two indeterminate five-year terms of imprisonment, to run consecutively. Scotton appeals, alleging an abuse of discretion by the district court in the imposition of his sentence.[1]

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* And even when the court would have been justified in imposing the sentence the defendant sought, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Scotton argues that the district court abused its discretion by placing too much weight on the resulting death and not enough weight on other factors. Scotton argues the court erred in sentencing him to the harshest penalty. And he contends that the court should have weighed the sentencing factors differently to conclude that a deferred judgment was appropriate. *See* Iowa Code § 901.5.

But these are not issues we decide on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."). Scotton fails to point to any unreasonable or untenable grounds. *See id.* And we

---

[1] Because Scotton is challenging his discretionary sentence and not his guilty plea, we have jurisdiction to hear his appeal. *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022).

see none in the district court's thorough explanation of its reasons for imposing the prison terms:

> When I make decisions for sentencing, I consider a lot of different pieces of information. So first and foremost I do consider the facts of the individual case. I consider information that was provided to me by the PSI. I consider the arguments made by counsel today, also any exhibits that are offered today, the written victim impact statements, and also just kind of the general understanding of any criminal history or any social history that's provided to me. And you kind of weigh all those things together. You look at recommendations by both sides and say, "What do you believe is the correct outcome for any sentence?" And with a lot of cases, there are positives for both sides of the case.
>
> Mr. Scotton, I don't think it's a surprise that someone died here and the Court and State consider it to be very, very serious. Right. I think everyone here understands that.
>
> You also are a young man. The State can't change that. You are a young man, and that is a positive for you on the sentencing side. You also don't have much—it's not a substantial criminal history, but there is some.
>
> . . . .
>
> I'm not aware of any portions of the victim impact statements or of the PSI that are inappropriate for the court to consider; Therefore, I will consider all of them.
>
> Some of the aggravating aspects of it is obviously there are two separate events. You had one event where you engaged in a riot. There was a violent behavior in that riot. I believe there was a statement made that maybe there wasn't any evidence of assaults. . . but the Defendant did willingly join in or remain part of a riot by assembling with multiple other persons in a violent manner, to the disturbance of others, and with use of a lawful force or violence by them or any of them against another person are causing property damage.
>
> So you pled guilty to that charge, and so on its face it says that there was violence either by you or people you were with giving them permission to be violent and that's a concerning thing.
>
> And as I understand the facts of the case, after that kind of stopped in one area things went to another area, you were confronted by more people, and it escalated to another level. Now weapons are being used, and that's very concerning. Ultimately, we have to say we cannot be using weapons unless it is absolutely necessary to protect ourselves. I didn't hear anything about, you know, that defense. You—you owned up to this saying, "Hey, I didn't—you know, I committed this crime."

There is no other defense of self-defense here. And to the extent that you're a victim, Mr. Thomas was shot as he's running away or in the back, that would also show that maybe there wasn't that defense present, and that's a concerning factor to me.

I'm happy to hear that you didn't have any problems during your last two years of pretrial release. Those are positive things for you. Obviously, we want to hear as much as possible of you getting back into the community to being rehabilitated, taking care of family members is great, having a job is obviously beneficial, trying to get your GED is beneficial.

And from my perspective, I think the negatives outweigh the positives in the sense of the deferred judgment is not appropriate. OK. I think there needs to be a conviction on your record for the felonies that have occurred. So the real question is, do I impose prison time or do I suspend it? OK. I do agree with the State that any prison time should be run consecutively, so I will be imposing five years on both the count 1, and then an additional five years on count 3. I'm going to run them consecutively. But the question is whether to send you to prison to protect the community or to allow you to remain in the community. And that's a tough decision. I'll be perfectly honest.

You know, I think your attorney made some very, very good points. Some I agree with. Some I don't agree with. And while I can't deny it occurred or send you to prison just based on the nature of the offense and we kind of discuss things that show other factors leading up to it. I understand that there was other people, peer pressure. I understand that at nineteen years old when this occurred that your brain was not fully matured. But to me it doesn't take, you know, someone's brain to be fully matured to know not to pull that trigger on the gun. Right. That's a very serious step. At nineteen you know not to do that.

. . . .

And as I get to it, I at this point cannot feel comfortable with what I've heard today and having you out in the community with carrying weapons, with harming people, physically assaulting them, and then also shooting someone who is running away. All those things are aggravated in my mind and outweigh some of the positives that you have.

My hope for you, sir, is that your stay in prison will help you fully rehabilitate, and when you get out, that you will be an absolutely great member of our society.

We find no abuse of discretion in the court's determination that a prison

sentence was required.

And while Scotton also alleges an abuse of discretion by the court in considering the two offenses as separate events and imposing consecutive terms of imprisonment, we find no discernable abuse of discretion. The district court explained why it imposed the sentences consecutively, citing the separate victims:

> And then I do see there were two separate events. Even though they were close in time, they're separate. Separate victims. My understanding in the riot there was a young lady who was beaten up by you and your friends. Whereas, obviously, Mr. Thomas was a man who was shot and killed from the involuntary manslaughter case or charge. So I am going to run them back-to-back.

We conclude the stated reasons here were sufficient "to allow appellate review of the trial court's discretionary action" to impose a consecutive sentence. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) (quoting *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000)); *accord State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("While [rule 2.23(3)(d)] requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" (quoting *State v. Johnson,* 445 N.W.2d 337, 343 (Iowa 1989))). We find no abuse of discretion in the district court's imposition of the prison sentence or imposition of the consecutive nature of the sentences. Accordingly, we affirm.

**AFFIRMED.**