# IN THE COURT OF APPEALS OF IOWA

No. 24-1642
Filed October 1, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN STANLEY KEPHART JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, John M. Wright,

Judge.


        John Stanley Kephart Jr. appeals the sentences imposed after pleading

guilty to theft in the first degree and burglary in the third degree.  **AFFIRMED.**


        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**CHICCHELLY, Judge.**

John Stanley Kephart Jr. appeals the sentences imposed after he pled guilty to theft in the first degree and burglary in the third degree. He contends the district court abused its sentencing discretion by relying on certain factors and imposing incarceration instead of probation. Because we find no abuse of discretion, we affirm.

## I.      Background Facts and Proceedings

On April 28, 2023, a property in Burlington, Iowa was broken into and copper piping was stolen from the basement. Soon thereafter, Kephart began scrapping significant amounts of copper valued at approximately $12,000. Then, on November 7, 2023, neighbors called police about a break-in at a residential property. When officers arrived, they found Kephart hiding in the residence in possession of a pry bar. The State charged Kephart with burglary in the third degree, possession of burglar tools, and theft in the first degree. Kephart entered pleas of guilty to burglary in the third degree and theft in the first degree. Pursuant to the plea agreement, the State agreed to adopt the recommendation of the presentence investigation report (PSI) with regard to sentencing.

At the sentencing hearing, the State requested the court follow the sentencing recommendations in the PSI, which included suspended sentences. Kephart joined the State's recommendation. Instead, the district court sentenced Kephart to concurrent terms of incarceration for a total of ten years. He appeals.[1]

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2024). We find there is good cause for appeal because Kephart is challenging his discretionary

## II. Standard of Review

When sentencing, the court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Discussion

The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character, and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence." *Formaro*, 638 N.W.2d at 725. "Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Id.*

Kephart argues the district court abused its sentencing discretion by relying on certain factors and declining to suspend incarceration in favor of probation. Specifically, Kephart cites the court's reliance on his prior criminal history, arguing

---

sentences rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

the district court was "fixated on the fact that Mr. Kephart is not crime free at the age of 34." But the sentencing court is required to consider this factor when determining whether to suspend incarceration. Iowa Code § 907.5(1)(b) (2023) (stating "the court shall consider . . . [t]he defendant's prior record of convictions"). And the record does not support Kephart's argument that the district court gave undue weight to this factor.

In fashioning the sentences, the district court stated:

> Well, Mr. Kephart, the Court has taken into consideration all the sentencing provisions provided for in the Iowa Code. The following sentences are based upon my judgment of what will provide the maximum opportunity for your rehabilitation and, at the same time, protect the community from the further offenses by you and others.
> I take into consideration you're 34 years of age. At the time you committed these offenses, you were not a youthful offender.
> I take into consideration the entire presentence investigation report because you do not object to any part therein.
> I note that you are employed part-time, you have a high school education, and you have paid off a substantial amount of your fines.
> However, I take into consideration your history of criminal convictions, which is a very serious matter.

The court then reviewed each of Kephart's previous convictions, noting when he was granted deferred judgment or probation and placed in a residential treatment program. It observed that Kephart's recent criminal actions were "not something new" and noted Kephart's poor work history "of just quitting [his] employment," his history of drug use, and the seriousness of his offenses. Finally, the court puzzled over why Kephart, who is "able-bodied" and capable of employment, continued stealing from and burglarizing others.

The district court explained its consideration of the relevant sentencing factors and exercised proper discretion in sentencing Kephart. *See* Iowa Code § 907.5. We therefore find no abuse of discretion.

## IV. Conclusion

Because we find the district court exercised proper discretion in sentencing Kephart, we affirm.

**AFFIRMED.**