# IN THE COURT OF APPEALS OF IOWA

No. 25-0996
Filed December 3, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYLER WARD PATTERSON a/k/a TYLER WARD SHIPLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Adria Kester, Judge.

        A defendant appeals his sentence for first-degree theft. **AFFIRMED.**

        Katherine R.J. Scott of New Point Law Firm, PLC, Ames, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

        Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

While he was on probation for seven other offenses, Tyler Patterson wrote checks for cash totaling more than $10,000—knowing that they would not clear—and took money from the credit unions where he deposited the checks. He eventually pleaded guilty to first-degree theft—a class "C" felony, *see* Iowa Code §§ 714.1(6), 714.2(2) (2024)—and admitted to violating his probation in those other cases as part of a global plea agreement. Patterson was thus facing a potential total of twenty-seven years of consecutive prison sentences from the new felony and the probation revocations.

The State argued for a total of twelve years in prison—a ten-year indeterminate prison sentence on the new felony and another two consecutive years on the probation revocations. Patterson argued that he should be placed on probation again and ordered to complete inpatient treatment to address his mental-health and substance-use issues. The district court agreed with the State that a ten-year prison sentence was appropriate but declined to reimpose prison sentences on the probation revocations—instead discharging him from probation after holding him in contempt and sentencing him to time served.

Patterson appeals his sentence on the felony, arguing that the district court did not adequately explain its reasons for the sentence and abused its discretion in imposing the ten-year prison sentence rather than suspending it and placing him on probation. We disagree. Because the district court adequately explained its sentencing reasons and did not abuse its considerable sentencing discretion in selecting the ten-year prison sentence, we affirm Patterson's sentence.

## I.      Explaining the Reasons for the Sentence Imposed

Patterson first argues that the district court failed to adequately explain its reasons for selecting his sentence.  A sentencing "court shall state on the record the basis for the sentence imposed."  Iowa R. Crim. P. 2.23(2)(g).  This rule "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court."  *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (cleaned up).  "[S]omething more specific" than "a boilerplate statement of reasons" is required.  *Id.* at 457 (cleaned up).  But "a terse and succinct statement may be sufficient, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion."  *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (cleaned up).  Still, "the reasons for the exercise of discretion" must be "obvious in light of the statement and the record before the court."  *Id.*

At sentencing, the district court gave an extensive explanation of the factors it was considering in selecting the appropriate sentence—even questioning Patterson on many factors to ensure that the court had an accurate understanding and to highlight for him its reasoning.  That included showing Patterson the literal highlights the court made on his presentence investigation report recounting his many convictions dating back to 1992 and confirming his agreement that at fifty-one, he was "[c]ertainly old enough to know better."  The court explained:

> I'm very, very cognizant and understanding about people that have mental health and substance abuse issues. . . .  But that's only one thing that I can consider.  And when I consider all of those things that I just talked about, your age, your education, that whole list of things, on one hand, I'm super surprised that the State hasn't asked for everything to run consecutively because they would certainly, with your criminal history and the interventions that have been made on

your behalf, that would be an appropriate recommendation, but they didn't make that recommendation and so I'm not considering that.

And the court expressed its view that Patterson was "lucky I'm not sending you for . . . 17 years just on your probation violations" and that he "dodged a bullet today." Still, it reasoned that it rejected the State's higher recommendation of total sentences because "I don't know that 12 years is going to do you any better than 10 years. I just don't think that was going to have any [e]ffect on you. If you really mean it, you can get the help that you need."

Contrary to Patterson's argument on appeal, this explanation went "beyond summarily listing" the factors it considers. The court provided case-specific explanation. And in the total context of "the record before the court" and its statements, it is "obvious" that the court found that some factors—such as Patterson's mental-health and substance-use issues and his remorse—weighed against the State's sentencing recommendation, while others—his extensive criminal history and failure to take advantage of past interventions—weighed in favor. *Thacker*, 862 N.W.2d at 408. Our review of the district court's exercise of its sentencing discretion is not hindered. So we reject Patterson's challenge to the adequacy of the court's statement of reasons for the sentence imposed.

## II. Selecting the Prison Sentence Rather than Probation

Patterson next argues that the court should have suspended his sentence and placed him on probation rather than imposing a term of incarceration because he "has significant mental health barriers," "he needs ongoing treatment" and "his responsibilities with respect to the justice system have impeded his ability to obtain stability." And he contends that the "clearly unreasonable" nature of the court's

contrary conclusion is shown by the court's decision in another case two years before to place him on probation.

We review a district court's discretionary selection of a sentence, including its exercise of discretion whether to suspend a sentence, for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* And even when the court would have been justified in imposing the sentence the defendant sought, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

The district court expressly considered the mental-health and substance-use issues that Patterson relies on and discussed its prior sentencing decision. But it properly reasoned that they were not the only factors it could consider. And in weighing all the factors, the court concluded that his extensive criminal history and failure to take advantage of the past interventions while on probation counseled in favor of imposing a prison sentence rather than probation again. We do not see any unreasonable or untenable grounds in the court's reasoning.

At bottom, Patterson asks us to weigh the sentencing factors differently to conclude that a suspended sentence was appropriate. But that is not the issue we decide on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2024). And so, the district court did not abuse its discretion in exercising its sentencing judgment. We thus affirm Patterson's sentence.

**AFFIRMED.**