# IN THE COURT OF APPEALS OF IOWA

─────────────

No. 25-0489
Filed January 7, 2026

─────────────

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jeremy Elton Batiste,**
Defendant–Appellant.

─────────────

Appeal from the Iowa District Court for Plymouth County,
The Honorable Roger L. Sailer, Judge.

─────────────

**AFFIRMED**

─────────────

Martha J. Lucey, State Appellate Defender, Maria Ruhtenberg (until
withdrawal), and Bradley M. Bender, Assistant Appellate Defenders,
attorneys for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

─────────────

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

1

**CHICCHELLY, Presiding Judge.**

Jeremy Batiste appeals the sentence imposed after pleading guilty to interference with official acts while armed with a firearm and marijuana possession. He argues the district court abused its discretion by denying his request for a deferred judgment. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Batiste was pulled over by officers with the Plymouth County Sheriff's Office. Batiste refused to provide identification or speak with officers. Soon Batiste began to argue with officers and reached for a small green bag that was sitting on the passenger seat. The back-and-forth between officers and Batiste lasted over one hour before officers informed Batiste that he was being arrested. Upon searching the green bag, officers found a loaded firearm and a THC vape cartridge.

As a result, the State charged Batiste with interference with official acts in violation of Iowa Code §719.1(1)(a) and 719.1(1)(f), and possession of marijuana in violation of §124.401(5) and 124.401(5)(b). Batiste pleaded guilty as charged. Per the terms of the plea agreement, the parties did not have a joint recommended sentence in this matter. At sentencing, Batiste argued for a deferred judgement and the State argued for imprisonment. The district court imposed a five-year suspended sentence and placed the defendant on probation for two years for interference with official acts and fourteen days in jail with credit for time served for possession of marijuana. Batiste now appeals.[1]

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2025). We find there is

## STANDARD OF REVIEW

When sentencing, the district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## DISCUSSION

A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). This rule "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (citation omitted). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence. Yet, this does not mean

---

good cause for appeal because Batiste is challenging his discretionary sentence rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.2d at 725.

Here, the crux of Batiste's argument is that he should have been granted a deferred judgment because of his community involvement and coaching youth sports, and it was an abuse of discretion for the district court to deny his request and place him on probation. We disagree. The district court was able to consider Batiste's testimony regarding his community involvement, the statements of counsel, as well as the minutes of testimony. At sentencing the district court stated:

> In fashioning the sentence imposed here, the Court has considered the rehabilitation of the defendant; the protection of the community from further offenses by this defendant; the nature of the offenses and the circumstances of the offenses; the age, character, and propensity of the defendant; the chances of reform by the defendant; the defendant's record of criminal convictions; the defendant's employment status and history; the defendant's family circumstances; and, of course, the plea agreement.

> The Court does believe that the sentence imposed will provide for the maximum opportunity for the defendant's rehabilitation while protecting the community from further offenses.

Each of the factors the district court discussed is a proper sentencing factor. *See* Iowa Code § 901.5. Batiste argues the district court "did not sufficiently take into account any mitigating factors" but we do not find any undue weight on our review of this record. Even if the district court gave more weight to aggravating factors than mitigating factors it would not amount to an abuse of discretion because giving "considerable emphasis" on a particular factor at sentencing is not an abuse of discretion so long as a court also "consider[s] other factors pertinent to sentencing." *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006). And the district court here considered many factors in fashioning Batiste's sentence.

4

## CONCLUSION

Because the district court considered proper sentencing factors in fashioning its sentence, we find there was no abuse of discretion and we affirm.

**AFFIRMED.**