# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1446
Filed January 7, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Cody Dean Dakin,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Karen Kaufman Salic, Judge.

———————————

**AFFIRMED**

———————————

Heidi Miller (until withdrawal) of The Law Office of Heidi Miller,
Pleasantville, and Denise McKelvie Gonyea of McKelvie Law Office,
Grinnell, attorneys for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Chicchelly, P.J., Buller, J., and Doyle, S.J.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

In March 2024, Cody Dakin left the residential work facility where he was committed and failed to return as required. As a result, the State charged Dakin with absence from custody in violation of Iowa Code section 719.4 (2023). Dakin pleaded guilty and was sentenced to a term of imprisonment of 164 days and fined $430. Dakin now appeals arguing the district court abused its discretion by declining to suspend incarceration in favor of probation.[1] Upon our review, we affirm.

A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3). We find there is good cause for appeal because Dakin is challenging his discretionary sentence rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Dakin argues the district court abused its discretion by giving undue weight to the nature and circumstances of the offenses. We disagree. At sentencing the district court stated:

> Mr. Dakin, at the time of sentencing, I'm required to impose a sentence that I feel is appropriate to meet your needs for rehabilitation and also to do what's necessary to protect the community from further offenses by you or by others. A number of things factor into that: Your age; prior criminal history; employment, family, and personal circumstances that I've been made aware of; the nature of the offense; the recommendation of the parties; and anything else that I've learned about you throughout the proceeding.
>
> Based on that, Mr. Dakin, I'm going to sentence you to serve 164 days in jail. I think that's roughly equal to what you've got in for time. By statute that sentence must be served consecutively to any other charges. The minimum fine of $430 is imposed along with the fifteen percent Crime Services Surcharge.

Upon our review, we find the district court's stated reasons do not give undue weight to the nature and circumstances of the offense. Even if the district court gave more weight to that factor, it is not an abuse of discretion if the district court considered other pertinent factors. *See State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006). But each factor the district court considered is proper. *See* Iowa Code § 901.5. And it is not our task on appeal to second-guess the district court's sentencing decision unless it was untenable or unreasonable. *Formaro*, 638 N.W.2d at 725. We conclude this sentence was reasonable.

Because the district court did not abuse its discretion in imposing a sentence of incarceration, we affirm the sentence.

**AFFIRMED.**