# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1231
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Angel Martin Ibarra,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dallas County,
The Honorable Patrick W. Greenwood, Judge.

———————————

**AFFIRMED**

———————————

Daniel M. Northfield, Urbandale, attorney for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Angel Martin Ibarra pleaded guilty to eluding in violation of Iowa Code section 321.279(2)(a) (2025) and driving while barred in violation of Iowa Code sections 321.560 and 321.561.[1] At sentencing, Ibarra requested to be sentenced to a term of probation because he was undergoing medical treatment at Mayo Clinic for systolic heart failure. The district court imposed a five-year period of incarceration for eluding and two-year period for driving while barred. Both sentences were ordered to run concurrently, and the district court declined to suspend the sentences in favor of probation. Ibarra appeals. Upon our review, we affirm.

Ibarra argues the district court erred in imposing a term of incarceration because doing so is overly harsh given his condition. A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's statement may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2024). We find there is good cause for appeal because Ibarra is challenging his discretionary sentences rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

*State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At sentencing, the district court gave a lengthy explanation of its decision to not suspend Ibarra's sentences:

> Now, Mr. Ibarra, to determine whether or not to suspend the sentences of incarceration and place you on probation, I have considered all of the factors that I announced, and specifically, I know that you are twenty-seven years of age. You were in custody about a day before you posted bond. You have two children. You have a GED. We have already discussed the fact that you are not eligible for a deferred judgment.[2] I have considered your health circumstances. I don't have any reason to doubt the information you have submitted. You have a very serious condition. It is chronic, and it prevents you from working. So the fact that you are not employed is not a reason to impose a sanction against you.
>
> I know that you do have family support. You are dependent on your family for housing. That is probably because you have more debts than assets, and you have no income. It is clear that you have a substance abuse issue and that you have—have a history of being unsuccessful with community-based interventions. Although, recently that appears to perhaps change.
>
> Of course, the most prominent concerns, Mr. Ibarra, include your criminal record. So essentially, for nearly the whole time that you have been an adult, you have been committing crime. You have numerous controlled substance possession charges, possession of paraphernalia conviction or two. You have been convicted of interference with official acts, operating while intoxicated, stalking, assault, perhaps that is where the discussion of violence comes into the PSI. You have been sentenced to prison once already, and it appears that either you were released from custody or from parole on or about January 20th of '25. And just six days

---

[2] Ibarra was ineligible for a deferred judgment because he had previously been granted two deferred judgments. *See* Iowa Code § 907.3(1)(a)(2).

later, there are offenses happening, and already been noted you have committed this offense while you were on probation.

Now, I carefully reviewed the PSI and your prior criminal record. I have listed generally what it is, the nature of the offenses that you have committed. And I, in looking at just a couple cases, started to count the number of times that you have violated probation. That is important because obviously sentencing requires some prediction of whether you would succeed on probation in the future. We don't have any crystal ball that gives us a definite answer to that, so I have to look at your past history to gauge whether or not you would likely be successful. And frankly, Mr. Ibarra, I stopped counting the number of times you violated probation. I thought at that point it became ridiculous to count the total number because it was so many times. The PSI writer seems to indicate every time you have been placed on probation you violated it. If that's not true, it is close.

I also read with curiosity on page eight of the PSI your mother's description that you were hanging around with the, quote, wrong people. And then you seem to have a similar impression, that on page ten of the PSI that you have negative peers and that you associated with, quote, bad, unquote, acquaintances. I have to read that with some sense of awe that someone with your record would consider your acquaintances to be bad folks.

Mr. Ibarra, ultimately, the Court needs to determine whether or not the balance is tipped away from focusing on your rehabilitation and focusing on community protection. In this case, your record is awful. The nature and circumstances of the crimes you committed is terrible. Had you obeyed the law as well as the Department of Transportation's rules and regulations by not driving while barred, you wouldn't have an eluding. The eluding is horrific in its nature and circumstances.

And then considering your crimes, the Court has to consider your report of violations history, the fact you did violate probation many, many times. You were unsuccessful with many community supports that were offered to you, and you did all of this while you were on probation. And, so, the chances of you being successful are virtually nil in the community.

I am certainly not unsympathic to the position you find yourself in from a health perspective. I can only imagine that—how that must affect

both your physical well-being and your mental health and the clarity of your thinking. But, Mr. Ibarra, we have reached that point where the community needs to be protected from you. And, so, the sentences of incarceration will not be suspended. There will not be a term of probation. I have already indicated that I understand that there is some dispute in the appellate courts about whether the fine under this circumstance can be suspended. But I'm going to do that because I agree that that would be beneficial to you when you are released from custody.

Upon our review, we find the district court did not abuse its discretion in imposing a carceral sentence. Each of the factors the district court discussed is a proper sentencing factor. *See* Iowa Code § 901.5. Given the sentence is based on proper factors and is sufficiently explained, we discern no abuse of discretion, and we will not disturb it. *See Formaro*, 638 N.W.2d at 724. To the extent that Ibarra asks us to reweigh the factors and grant him probation, we decline to do so on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2024). Accordingly, we affirm Ibarra's sentences.

**AFFIRMED.**