# IN THE COURT OF APPEALS OF IOWA

No. 25-0141
Filed April 15, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Isaiah James Rutter,**
Defendant–Appellant.

Appeal from the Iowa District Court for Des Moines County,
The Honorable John M. Wright, Judge.

**AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Knowing his driving privileges were barred, officers with the Burlington Police Department conducted a traffic stop on Isiah Rutter. During this process, officers learned that Rutter may have been involved in a weapons-related incident in the week prior to the stop. During the traffic stop, law enforcement recovered a substance they suspected to be marijuana, three handguns, one shotgun, and multiple rounds of ammunition for both the handgun and shotgun.

Because Rutter was previously convicted of domestic abuse assault, the State charged Rutter with four counts of possession of a firearm by domestic abuse offender in violation of Iowa Code section 724.26(2)(a) (2024), one count of driving while barred in violation of Iowa Code sections 321.560, 321.561, and 321.555, and one count of possession of a controlled substance in violation of Iowa Code section 124.401(5). The case proceeded to trial where a jury acquitted Rutter of possessing a controlled substance but convicted him of all remaining counts. At sentencing, the district court ordered Rutter to serve a term of incarceration not to exceed five years for each count of possession of a firearm by a domestic abuse offender, all felonies. Rutter was also ordered to serve a term of incarceration of up to two years for driving while barred, an aggravated misdemeanor. All terms of incarceration were ordered to run concurrent with each other. The sentences were all suspended, and Rutter was placed on supervised probation for a period of five years for each of the felony counts and two years for the misdemeanor count. Rutter now appeals.

Rutter's sole argument on appeal is that the district court failed to adequately explain its reasons for selecting his sentence. A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim.

P. 2.23(2)(g). This rule "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (cleaned up). "[S]omething more specific" than "a boilerplate statement of reasons" is required. *Id.* at 457 (cleaned up). But "a terse and succinct statement may be sufficient, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (cleaned up). Still, "the reasons for the exercise of discretion" must be "obvious in light of the statement and the record before the court." *Id.*

At the sentencing hearing, the district court gave the following reasons for imposing Rutter's sentences:

> The court has take[n] into consideration all of the sentencing provisions provided in the Iowa Code. The following sentence is based on my judgment of what will provide maximum opportunity for your rehabilitation, and at the same time protect the community from further offenses by you and others.

> I take into consideration the entire presentence investigation [(PSI)] report as you now have stated on the record should be corrected. You are thirty-seven years old. At the time you committed these offenses, you were not a youthful offender.

> I note that you have a GED. You have paid substantial amounts on your fines in the past. You appear to have a stable residence, and controlled substances and alcohol do not seem to be a significant factor in your life.

> I do note you have significant history of criminal convictions, most of it is driving, some of it is for violence. But it is a long, long record.

> In fact, it shows that at one point you received a deferred judgment, and then that was revoked. So many years ago, you were given that proverbial second chance. And since that time, you have not taken advantage of it.

3

You have listed no current income source.  You tell me you have a job waiting for you at J&R Contracting, but it is a bit suspicious, based on what you're now telling me is wrong in the PSI report concerning your past employment.

I also take into consideration the seriousness of these offenses.  I take into consideration the statement you made here today, and the statements made by the attorneys, and the recommendation from the [PSI] report.

We find the district court's on-the-record explanation expressly discussed Rutter's age, prospects for rehabilitation, criminal history, employment, the presentence investigation report, seriousness of these offenses, and deterrence.  Each of these is an appropriate factor for consideration.  *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).  And considering each factor before imposing a sentence provided the explanation for the sentence itself because these factors ensure the district court's sentence considers the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant."  *See* Iowa Code § 901.5.  Accordingly, we find the district court provided sufficient explanation of the reasons for selecting Rutter's sentences.  *See State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002).

**AFFIRMED.**