# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-1303
Filed April 29, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,

v.

**Joshua Todd Busch,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

_____

**AFFIRMED**

_____

Debra S. De Jong of De Jong Law Firm, P.C., Orange City,
attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Joshua Busch appeals his sentence for third-offense possession of a controlled substance.[1] He argues the district court abused its discretion by failing to explain its reasoning for imposing consecutive sentences. Upon our review, we find the district court did not abuse its discretion and affirm Busch's sentences.

## BACKGROUND FACTS AND PROCEEDINGS

Busch pleaded guilty to possession of a controlled substance as a third or subsequent offense, a class "D" felony in violation of Iowa Code section 124.401(5). When he committed that offense, Busch was on probation in two separate matters. The State and Busch reached a plea agreement where the parties would jointly recommend a five-year prison term, and they would be allowed to argue to the district court whether the prison term should be served consecutively or concurrently with the two probation matters. The parties also bargained for the dismissal of another simple misdemeanor case Busch was facing.

At the sentencing hearing, Busch requested the district court grant him an unsuccessful discharge on one of his probationary sentences and run the other probation matter concurrent to the sentence imposed in the active case. Busch noted his struggles with substance use, medical diagnoses, and his prior performance on probation, and he accepted responsibility for his actions during his allocution. The State argued for consecutive sentences, noting several probation violation reports, Busch's criminal history, and the

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2025). We find there is good cause for appeal because Busch is challenging his discretionary sentences rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

seriousness of the offense for which Busch was being sentenced. The district court agreed with the State and sentenced Busch to a five-year indeterminate prison term for possession of a controlled substance. And the court ordered that sentence to be served consecutive to Busch's two pending probation matters. Busch appeals.

## STANDARD OF REVIEW

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). The district court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

## DISCUSSION

Busch argues the district court abused its discretion by imposing consecutive sentences because the "reasoning that was provided to Busch was not particular to him individually or to the details of his crimes in any way." He also argues the district court gave undue weight to the nature of the offense and failed to adequately consider mitigating factors. We disagree.

The sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, employment status, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's

statement of its reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). The decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *Formaro*, 638 N.W.2d at 724.

At the sentencing hearing, the district court ordered the sentences to run consecutively "based upon the separate and serious nature of the offenses and that the crimes were committed while [Busch] was on probation." Further, the court noted it had "considered all of the factors for sentencing, including [Busch's] age, prior record, family circumstances, his mental health and physical health, nature of the offenses, and the plea agreement, and meets the statutory requirements."

First, we find the district court did conduct sentencing in a manner individualized to Busch. The court asked Busch's counsel, "What treatment programs has he been in?" And when Busch responded discussing his time at Bridges of Iowa—a substance use disorder treatment program—the court asked, "How were you performing in the program?" Busch then discussed his success during the program. This focused back-and-forth with Busch along with the court's express consideration of Busch's "age, prior record, family circumstances, his mental health and physical health" reflect an individualized sentencing. That is the exact calibration of factors that is required at sentencing. *See State v. Burke*, No. 25-0243, 2026 WL 380738, at *3 (Iowa Ct. App. Feb. 11, 2026).

4

Second, we address Busch's argument that the district court gave undue weight to the nature of the offense. Even if the court gave more weight to that factor, it is not an abuse of discretion if the court considered other pertinent factors. *See State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006). Each factor the district court considered is proper. *See* Iowa Code §§ 901.5, 907.5. And it is not our task on appeal to second-guess the district court's sentencing decision unless it was untenable or unreasonable. *Formaro*, 638 N.W.2d at 725. The mere fact that Busch requested a different sentence, the district court's sentencing decision does not become an abuse of discretion. *See id.* Instead, it reflects "the discretionary nature" of sentencing. *Id.* Accordingly, we discern no abuse of discretion by the district court in fashioning Busch's sentence.

## CONCLUSION

Because we find the district court did not abuse its discretion in sentencing Busch, we affirm.

**AFFIRMED.**