# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-1610
Filed June 10, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,

v.

**Megan Renee Sunderman,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Page County,
The Honorable Jennifer Benson Bahr, Judge.

_____

**AFFIRMED**

_____

Krisanne C. Weimer of Weimer Law, PC, Council Bluffs,
attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

In February 2025, Megan Sunderman received a deferred judgment following her guilty plea to one count of possessing methamphetamine with the intent to deliver—a class "C" felony. Less than one month into her term of probation, Sunderman stopped communicating with her probation officer, did not report to the probation office, and refused to sign her probation agreement. After absconding for approximately three months, Sunderman was arrested and a probation revocation hearing was held. Finding Sunderman was not amenable to probation and had materially violated the terms of her deferred judgment, the district court revoked the deferred judgment and imposed the underlying ten-year sentence of incarceration. Sunderman appeals.[1] We affirm.

Sunderman first argues the district court erred when it revoked her deferred judgment. We review the revocation of a deferred judgment for an abuse of discretion. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). In *Covel*, our supreme court articulated the analysis for probation revocations:

> The district court is to apply a straightforward two-step analysis for revocation decisions. The first step is determining whether the person has acted in violation of one or more conditions of his or her probation. If the court determines the person violated his or her probation, the second step is determining whether the person should be committed to prison or whether the court should take other steps to protect society and improve chances of rehabilitation.

*Id.* at 187–88 (citations omitted). Here, we conclude that the district court did not abuse its discretion in finding that a probation revocation was

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2025). We find there is good cause for appeal because Sunderman is challenging her discretionary sentence rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

warranted in this case. Sunderman did not cooperate with the terms of probation agreement. In fact, Sunderman never signed the agreement at all and immediately absconded from probation. We agree with the district court when it noted Sunderman "made no real effort to comply." Therefore, we find no abuse of discretion in the district court finding Sunderman violated the terms of her probation agreement.

Next Sunderman argues the district court should have suspended her sentence in favor of probation. A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At sentencing, the district court stated:

Ms. Sunderman, as I stated, the charge to which you pled guilty is serious. Probation is a final opportunity to prove that you can comply instead of incarceration. You failed to take advantage of that opportunity, and

3

accordingly I am going to impose the original sentence of ten years' incarceration.

I don't take any pleasure in sending anyone to prison, especially a person such as yourself with young children who wants to get their life back on the straight and narrow; however, I do believe that a sentence of incarceration will provide you with the maximum opportunity to do so. It will provide you further distance from the people that are bad influences on you and, as I said, I believe that you're simply not amenable to probation, especially given the prior cases in Nebraska for failure to appear. You failed to cooperate with your probation officer in this case.

So for purposes of your rehabilitation and the safety of the community, I am going to sentence you to an indeterminate term of incarceration not to exceed ten years.

Here, among the district court's considerations were the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant." *See* Iowa Code § 901.5. The district court further weighed Sunderman's age, environmental characteristics, prior performance on probation, and her likelihood of success on further probation. Because the district court appropriately weighed these factors and concluded a carceral sentence was most appropriate for Sunderman's situation, we will not substitute our judgment on appeal. *See Formaro*, 638 N.W.2d at 724–25. Accordingly, we affirm Sunderman's sentence.

**AFFIRMED.**